IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

MALLADI DRUGS & PHARMACEUTICALS, LTD.
No. 52 (ND) Jawaharlal Nehru Road
Ekkattuthangal, Chennai 600 097
India, V.N.

&

NOVUS FINE CHEMICALS, LLC
426 Orchard Street
Carlstadt, New Jersey 07072

v.

KAREN TANDY,
in her official capacity as,
Administrator,
Drug Enforcement Administration
U.S. Department of Justice
800 K Street, N.W.
Washington, D.C. 20001

ALSO SERVE:

ALBERTO R. GONZALES
Attorney General of the United States
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

JEFFREY A. TAYLOR
U.S. Attorney for the District of Columbia
Judiciary Center Building
555 Fourth Street, NW
Washington, D.C. 20530

# COMPLAINT FOR AN INJUNCTION & A DECLARATORY JUDGMENT

---

NOW COME Malladi Drugs & Pharmaceuticals, Ltd. ("Malladi DPL") and NOVUS Fine Chemicals, LLC ("NOVUS") and make the following complaint for an injunction and a declaratory judgment against defendant Karen Tandy in her official capacity as Administrator of the Drug Enforcement Administration ("DEA"):

1. *Summary.* This action challenges the unlawful seizure and retention by DEA of valuable commercial quantities of Ephedrine, Pseudoephedrine, Ephedrine Hydrochloride, and Pseudoephedrine Hydrochloride (collectively, "Ephedrine and Pseudoephedrine"), which are used in making prescription allergy drug products and over-the-counter ("OTC") cold and cough medications. These medications are lawful and sold in virtually every drugstore in the United States. Neither Malladi DPL nor NOVUS has permitted any Ephedrine or Pseudoephedrine — or, for that matter, any other material regulated by DEA — to be 'diverted' to any illegal or inappropriate use. Neither DEA nor its parent agency, the Department of Justice, has suggested that Malladi DPL or NOVUS has diverted any articles to illicit uses, and neither DEA nor the Department of Justice has filed

any complaint for forfeiture. The retention of the Ephedrine and Pseudoephedrine seized by DEA is contrary to law. Malladi DPL and NOVUS request that this Court enter an injunction directing DEA to promptly release to them the unlawfully retained Ephedrine and Pseudoephedrine. They also request that this Court enter a declaratory judgment that DEA's retention of the Ephedrine and Pseudoephedrine is contrary to law.

This action also seeks injunctive relief against DEA for past and ongoing publication of demonstrably false and commercially damaging statements. Publication has taken at least two forms: (1) a Department of Justice website that falsely maligns Malladi, Inc.; and, (2) statements by DEA officers to Malladi DPL and NOVUS customers warning them against conducting business with these companies. On October 11, 2006, DEA seized a separate shipment of Malladi DPL Pseudoephedrine. That seizure, not at issue here, was referred to the Department of Justice and is presently before a federal district court in New Jersey. A DEA press release issued on October 11, 2006 and still active on the Department of Justice's website states that "Malladi, Inc. was concealing the location and the true identity of the bulk Pseudoephedrine." In fact, the company, through counsel,

notified DEA of the precise location and contents of this shipment and sought return of the articles to Malladi DPL over a year before the shipment was seized.

2. *Jurisdiction.* This Court has federal question jurisdiction of this complaint pursuant to 28 U.S.C. § 1331. Jurisdiction is properly in this Court, rather than in the U.S. Court of Appeals for the District of Columbia Circuit under 21 U.S.C. § 877, on the ground that the allegations in this case involve the failure of DEA to file a complaint for forfeiture as required by 18 U.S.C. § 983(a)(2)(B) and Department of Justice policy. This case does not involve any final determination or finding by DEA.

3. *Venue.* Venue in this Court is appropriate under 28 U.S.C. § 1391(e) on the ground that defendant Tandy and DEA reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

4. *Malladi DPL & NOVUS.* Malladi DPL is based in Chennai, India, and is a leading supplier of pharmaceutical raw materials to major pharmaceutical companies both in the United States and other countries. NOVUS is a U.S. corporation that is a wholly-owned subsidiary of Malladi DPL. NOVUS is based in New Jersey.

5. *List I Chemicals.* The materials involved in this case, Ephedrine and Pseudoephedrine, are List I chemicals subject to import and export regulation by DEA pursuant to 21 U.S.C. § 802(34).

6. *DEA Asset I.D. Nos. 05-DEA-450545, 05-DEA-451301, 05-DEA-450357, 05-DEA-451290.* Preceding and during the period April-May 2005, Malladi DPL made shipments of Ephedrine, Pseudoephedrine, Ephedrine Hydrochloride, and Pseudoephedrine Hydrochloride to Malladi, Inc., a subsidiary of Malladi DPL that is no longer in business. DEA seized these shipments. The seizures were assigned DEA Case Nos. C3-05-2025 and C1-05-0195 and DEA Asset Identification Nos. 05-DEA-450545, 05-DEA-451301, 05-DEA-450357, and 05-DEA-451290, respectively. NOVUS received individual Notices of Seizure and challenged DEA's action by claiming legal ownership and requesting prompt release to it of the seized property assigned DEA Asset I.D. Nos. 05-DEA-450545 and 05-DEA-451301 and under DEA Case No. C3-05-2025. These requests were subsequently denied by DEA. NOVUS and its parent, Malladi DPL, further challenged DEA's denial of its requests, but those challenges were likewise denied. Malladi DPL received Notice of Seizure for articles assigned DEA Asset I.D. Nos. 05-DEA-450357

and 05-DEA-451290 under DEA Case No. C1-05-0195. In response thereto, Malladi DPL challenged DEA's action by claiming legal ownership and requesting prompt release to it of the seized property. These requests also were subsequently denied by DEA.

7. *Appraised Value Of The Seized Assets*. DEA is required to appraise the value of seized merchandise pursuant to 19 U.S.C. § 1606. DEA Asset I.D. Nos. 05-DEA-450545, 05-DEA-451301, 05-DEA-450357 and 05-DEA-451290 have appraised values of $464,000, $464,000, $250,500 and $241,500, respectively. The aggregate value of all merchandise seized is $1,420,000.

8. *DEA's Failure To Aggregate The Value Of Seized Merchandise And Commence A Single Judicial Proceeding*. DEA is a seizing agency within the Department of Justice and is bound by the Department's policies governing asset forfeiture. According to the Department of Justice's *Asset Forfeiture Law and Practice Manual*, "Department policy . . . requires that when multiple items of property are seized and their aggregate appraised value exceeds $500,000 they are all to be forfeited in a *single judicial proceeding* (rather than in separate administrative actions) if they are subject to forfeiture under the same statutory authority and on the same factual basis, and if an individual

has an ownership interest in the items seized." U.S. DEP'T OF JUSTICE, ASSET FORFEITURE AND MONEY LAUNDERING SECTION, ASSET FORFEITURE LAW AND PRACTICE MANUAL at 3-3 (1998). (emphasis added, parenthetical in original). DEA did not follow the required procedure. All lots described at ¶ 6 were seized under the same authority (21 U.S.C. § 881); all lots were subject to seizure on the same factual basis (Malladi, Inc. surrendered its DEA registration while all of the disputed shipments were in transit and articles were within its warehouse, depriving the company of the ability to receive imported and/or possess controlled substances); and, all were owned by Malladi DPL and/or NOVUS. Therefore, DEA should have aggregated the value of the seized lots.

9. *The Law Prohibits Merchandise Valued In Excess Of $500,000 From Being Administratively Forfeited.* Administrative forfeiture is permissible under to 19 U.S.C. § 1607. Pursuant to that statute, property may not be administratively forfeited if its value exceeds $500,000. 19 U.S.C. § 1607(a)(1). Merchandise in excess of this threshold may be forfeited only through judicial proceedings. 19 U.S.C. § 1610.

10. *DEA's Failure To Follow Internal Policy Invalidates Prior Administrative Determinations.* Pursuant to agency policy, DEA was required to aggregate the value of the seized shipments and commence a single judicial proceeding by forwarding the matter to the United States Attorney's Office. U.S. DEP'T OF JUSTICE, ASSET FORFEITURE AND MONEY LAUNDERING SECTION, ASSET FORFEITURE POLICY MANUAL at 39 (2006). It is well-established that "[w]here the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required." *Morton v. Ruiz*, 415 U.S. 199, 235 (1974). DEA's failure to act in accordance with law and Department of Justice policy invalidates the administrative determinations described at ¶ 6. *See, e.g., Fausto v. Gearan*, 1997 U.S. Dist. LEXIS 23680 (D.D.C. 1997) (invalidating employee's termination from a federal job because the Peace Corps failed to comply with internal Foreign Service firing procedures).

11. *NOVUS' Timely Claims.* Failure to timely file a claim instituting a judicial proceeding can result in waiver of judicial review. With respect to each of the seizures, Malladi DPL and NOVUS timely filed with DEA claims to the seized property in compliance with 18 U.S.C.

§ 983(a)(2)(A). These claims were styled as petitions for remission or mitigation of forfeiture but are also appropriately characterized as judicial claims and meet the statutory requirements for filing a judicial claim. Each claim complied with all of the formal requirements for a claim in 18 U.S.C. § 983(a)(2)(C) and contained NOVUS and/or Malladi DPL assertions (verified by affirmation) of the legal right to the seized Ephedrine and Pseudoephedrine. *See* 18 U.S.C. § 983(a)(2)(D) ("A claim need not be made in any particular form"); *see also*, *United States v. 328 Pounds, More or Less, of Wild American Ginseng*, 347 F. Supp. 2d 241, 248 (W.D.N.C. 2004) (entertaining a petition for remission as a claim but denying it because it was not verified by oath or affirmation – not an issue here); *United States v. $4,629.00 in United States Currency*, 359 F. Supp. 2d 504 (W.D. Va. 2005) (construing that a motion to contest a forfeiture and an accompanying memorandum of law constitute a valid claim even under Supplemental Fed. R. Civ. P. C(6)).

12. *DEA's Failure To File A Complaint.* Department of Justice policy requires aggregating the value of the seized lots, which triggers the requirements of 18 U.S.C. § 983. U.S. DEP'T OF JUSTICE, ASSET FORFEITURE AND MONEY LAUNDERING SECTION, ASSET FORFEITURE

POLICY MANUAL at 39 (2006). Section 983(a)(3)(A) provides that, after a claim is made for seized property, DEA must file a complaint for forfeiture in federal district court within 90 days. DEA has not filed any complaint for forfeiture with respect to any of the seizures described above, as required by 18 U.S.C. § 983(a)(3)(A).

13. *DEA's Failure To Return The Property.* Section 983(a)(3)(B) provides that, in the event DEA fails to file a complaint for forfeiture, "the Government shall promptly release the property." NOVUS and Malladi DPL have repeatedly requested that DEA release the seized Ephedrine and Pseudoephedrine, but DEA has refused to do so.

14. *This Court Is Authorized To Compel Release Of The Seized Property.* The Administrative Procedure Act, 5 U.S.C. § 706(1), authorizes this Court to "compel agency action unlawfully withheld or unreasonably delayed."

15. *DEA's False and Damaging Press Release.* On October 11, 2006, DEA seized a separate shipment of Pseudoephedrine owned by Malladi DPL. That seizure, not at issue here, was referred to the Department of Justice and is presently before a federal district court in New Jersey. A DEA press release issued on October 11, 2006 and still active on the Department of Justice's website states that " . . .

Malladi, Inc. was concealing the location and the true identity of the bulk Pseudoephedrine." This statement is false and casts Malladi in a highly damaging light. In fact, Malladi, through counsel, notified DEA of the location and contents of this shipment on October 7, 2005, over a year before the containers were seized.

The press release makes other implicit accusations, stating, *inter alia*, that this seizure was destined to take "3,135 pounds of chemicals out of the hands of criminals potentially producing highly addictive methamphetamine, polluting the environment, and leaving a chemical trail throughout New Jersey." There is absolutely no evidence to support this disparaging connection between product claimed by Malladi DPL and rampant criminal activity and environmental harm. To the contrary, Malladi DPL enjoys an unblemished compliance record and, in the wake of Malladi Inc.'s loss of its registration, has sought to deliver this shipment to a secure final destination.

16. *False and Damaging Statements By DEA Agents*. NOVUS and Malladi DPL officials can also identify customers who have been warned by DEA officers against doing business with them. As with the agency's press release, there is no basis for these false and

disparaging statements. DEA's willingness to do so commercially damages these companies by casting aspersions on their integrity and the integrity of their products.

17. *This Court Is Authorized To Require That DEA Rescind Its Press Release, To Remove Such Materials From Its Website, To Prohibit Further False and Damaging Statements, And To Compel Public Correction.* 28 C.F.R. § 50.2(c) establishes guidelines for Department of Justice communications related to pending civil actions. That regulation commands the Department of Justice and its employees to refrain from extrajudicial statements that relate to "character, credibility, or criminal records of a party . . . " during the pendency of a civil matter. Permitting the continued publication of the misleading website at ¶ 15 and the statements alleged at ¶ 16 clearly violates this prohibition. Therefore, because DEA has failed to comply with these guidelines, its actions are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and may be reviewed under the Administrative Procedures Act. 5 U.S.C. § 706(2)(A). That act specifically allows injunctive relief. 5 U.S.C. § 703.

WHEREFORE, Malladi DPL and NOVUS pray the Court to enter an injunction directing defendant Tandy, in her official capacity, to release promptly to Malladi DPL and NOVUS the Ephedrine and Pseudoephedrine seized as alleged above, and to enter a declaratory judgment that DEA's retention of the property for longer than 90 days after the filing of Malladi DPL and NOVUS' claims to the property, in the absence of a complaint for forfeiture, has been unlawful. Malladi DPL also requests the Court to enter an injunction directing defendant Tandy, in her official capacity, to remove the false and damaging press release from the DEA website, refrain from further false and damaging statements about Malladi DPL, and issue a public correction on this matter. Finally, Malladi DPL and NOVUS request that the Court grant such further relief as may be just.

June 15, 2007

Respectfully submitted,

Malladi Drugs & Pharmaceuticals, Ltd.

NOVUS Fine Chemicals, LLC.

by their attorneys,

KING & SPALDING LLP

______________________________
Zachary J. Harmon
D.C. Bar No. 453125
Eugene M. Pfeifer
D.C. Bar No. 140954
Christina L. Anderson
D.C. Bar No. 493636
1700 Pennsylvania Avenue NW
Washington, D.C. 20006
202-737-0500
FAX: 202-626-3737

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

MALLADI DRUGS & PHARMACEUTICALS, LTD. & NOVUS FINE CHEMICALS, LLC

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 99999
**(EXCEPT IN U.S. PLAINTIFF CASES)**

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ZACHARY J. HARMON
EUGENE M. PFEIFER
CHRISTINA L. ANDERSON
KING & SPALDING LLP
1700 PENNSYLVANIA AVE NW
WASHINGTON, DC 20006

**DEFENDANTS**

KAREN TANDY, in her official capacity as,
ADMINISTRATOR
DRUG ENFORCEMENT ADMINISTRATION

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)** 11001
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**○ A. *Antitrust***

☐ 410 Antitrust

**○ B. *Personal Injury/ Malpractice***

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**◉ C. *Administrative Agency Review***

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. *General Civil (Other)*** OR **○ F. *Pro Se General Civil***

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| O G. *Habeas Corpus/ 2255* | O H. *Employment Discrimination* | O I. *FOIA/PRIVACY ACT* | O J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O K. *Labor/ERISA (non-employment)* | O L. *Other Civil Rights (non-employment)* | O M. *Contract* | O N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding O 2 Removed from State Court O 3 Remanded from Appellate Court O 4 Reinstated or Reopened O 5 Transferred from another district (specify) O 6 Multi district Litigation O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 706(1) - Injunctive relief requiring return of unlawfully seized ephedrine and pseudoephedrine and declaratory judgment that seizure was unlawful

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A **CLASS** ACTION UNDER F.R.C.P. 23 **DEMAND $** ____ Check YES only if demanded in complaint **JURY DEMAND:** YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☒ NO ☐ If yes, please complete related case form.

**DATE** June 15, 2007 **SIGNATURE OF ATTORNEY OF RECORD** [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.