# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MALLADI DRUGS &** )<br>**PHARMACEUTICALS, LTD.** )<br>No. 52 (ND) Jawaharlal Nehru Road )<br>Ekkattuthangal, Chennai 600 097 )<br>India, V.N. )<br>)<br>& )<br>)<br>**NOVUS FINE CHEMICALS, LLC** )<br>426 Orchard Street )<br>Carlstadt, New Jersey 07072 )<br>)<br>**Plaintiffs**, )<br>**v.** )<br>)<br>**KAREN TANDY**, )<br>in her official capacity as, )<br>Administrator, )<br>Drug Enforcement Administration )<br>U.S. Department of Justice )<br>800 K Street, N.W. )<br>Washington, D.C. 20001 )<br>202-305-8500 )<br>**Defendant.** )<br>ALSO SERVE: )<br>)<br>PETER D. KEISLER )<br>Acting Attorney General of )<br>the United States )<br>950 Pennsylvania Avenue, N.W. )<br>Washington, D.C. 20530 )<br>)<br>JEFFREY A. TAYLOR )<br>U.S. Attorney for the District of Columbia )<br>Judiciary Center Building )<br>555 Fourth Street, N.W. )<br>Washington, D.C. 20530 )<br>_____) | C.A. 1:07-cv-1069 (RMC) |

## FIRST AMENDED COMPLAINT FOR
## <u>DECLARATORY AND INJUNCTIVE RELIEF</u>

1.     This action challenges the unlawful seizure and retention by DEA of valuable

commercial quantities of Ephedrine, Pseudoephedrine, Ephedrine Hydrochloride, and

Pseudoephedrine Hydrochloride (collectively, "Ephedrine and Pseudoephedrine"), which are

used in making prescription and over-the-counter ("OTC") cold, cough and allergy medications.

These medications are lawful and sold in virtually every drugstore, and many grocery stores, in

the United States.  DEA has never alleged or even suggested that Malladi DPL or Novus has

permitted any Ephedrine or Pseudoephedrine — or, for that matter, any other material regulated

by DEA — to be "diverted" to any illegal or inappropriate use.


## <u>THE PARTIES</u>

2.     Malladi Drugs & Pharmaceuticals Ltd. ("Malladi DPL") is a corporation organized under

the laws of India, with its principal place of business in Chennai, India, and is a leading supplier

of pharmaceutical raw materials to major pharmaceutical companies both in the United States

and other countries.  NOVUS Fine Chemicals ("Novus") is a Delaware corporation with its

principal place of business in New Jersey.  Novus is a wholly-owned subsidiary of Malladi DPL.


3.     Administrator Tandy is head of the DEA, a seizing agency within the U.S. Department of

Justice.

## <u>JURISDICTION</u>

4.     This Court has federal question jurisdiction of this complaint pursuant to 28 U.S.C. §

1331.

## VENUE

5.     Venue in this Court is appropriate under 28 U.S.C. § 1391(e) on the ground that

defendant Tandy and DEA reside in this district and a substantial part of the events or omissions

giving rise to the claim occurred in this district.

## STATEMENT OF FACTS

**A.     DEA Acted Outside Its Statutory Authority by Seizing and Retaining Plaintiffs' Property Without Judicial Review.**

6.     Novus is in the business of converting Ephedrine Hydrochloride into Pseudoephedrine

for sale to pharmaceutical manufacturers who require this ingredient for the medications they

produce, notably Allegra D®.  Novus depends on shipments of Ephedrine Hydrochloride from

Malladi DPL to serve its regular and reputable customers, *e.g.*, Aventis, Cardinal Health,

GlaxoSmithKline, King, Pfizer, and Schering-Plough.

7.     On January 5, 2005, Malladi DPL entered into a contract for the purchase of all Novus

stock; this deal was closed on April 14, 2005.  Prior to that acquisition, Novus dealt with Malladi

DPL at arm's length and purchased raw material though Malladi DPL's U.S. subsidiary, Malladi

Inc.

8.     Malladi DPL is regularly engaged in the manufacture of Active Pharmaceutical

Ingredients ("API") Pseudoephedrine and Ephedrine.  These APIs are often exported for use by

manufacturers of finished dosage form pharmaceuticals in the United States, Mexico and

elsewhere.

9.     The Ephedrine and Pseudoephedrine that were exported by Malladi DPL and bound for

Malladi Inc. are "merchandise" under 19 U.S.C. § 1607.  Ephedrine and Pseudoephedrine are

List I chemicals as defined by 21 U.S.C. § 802(34) and are subject to the restrictions contained in various sections of Title 21 of the U.S. Code. *See, e.g.*, 21 U.S.C. §§ 812, 822, 828, 829.

10.     This merchandise may be seized when imported or possessed by persons or entities that lack a valid DEA registration.  21 U.S.C. § 881(a)(9).

11.     The Customs laws governing asset forfeiture, as made applicable to merchandise seized under 21 U.S.C. § 881, establish the requirements for administrative forfeiture and/or judicial condemnation.  21 U.S.C. § 881(d); 19 U.S.C. §1602-1619.

12.     To receive List I chemicals from suppliers abroad, DEA registrants must file an import declaration form ("Form 486") for goods intended to be received.  These forms describe, *inter alia*, the identity of the importing registrant, the identity of the exporting entity, the property being imported, the approximate date of arrival, the port of entry, and, if applicable, the identity of the end-customer.   Satisfactory completion of a Form 486 import declaration results in the issuance of a Letter of No Objection ("LONO"), through which the exporting country is notified by DEA that the U.S. Government has no objection to permitting the foreign government to authorize exportation.

13.     Malladi Inc. filed a Form 486, and received a LONO, for all of the merchandise described below.

14.     On April 6, 2005, DEA officials conducted an administrative inspection of Malladi Inc., a now-dormant corporate entity not a party to this litigation.  Following this inspection, DEA expressed reservations about the organization of Malladi Inc.'s file room, its document retention system and the availability of documentation necessary to reconcile inventory.

15.     Sometime prior to April 8, 2005, DEA reviewed each Form 486 recently filed by Malladi Inc. and/or the LONOs issued by DEA.  These records identified all shipments of List I chemicals that were already *en route* to Malladi Inc.

16.     After DEA identified three shipments in transit from Malladi DPL to Malladi Inc, DEA orchestrated and immediately initiated a single plan designed to seize Malladi Inc.'s existing inventory and all incoming shipments then in transit.  DEA's suspicion of faulty recordkeeping, formed as a result of the administrative inspection, was the single factual predicate upon which the seizure of all merchandise was executed.

17.     On April 8, 2005, DEA officials returned to Malladi Inc.'s corporate headquarters, then located at 76 National Road, Edison, NJ, and seized 233 drums of Ephedrine and Pseudoephedrine (the "Inventory").  This Inventory is valued at $241,500.

18.     On April 11, 2005, DEA officials again returned Malladi Inc.'s Edison facility and demanded surrender of the company's DEA import registration.

19.     DEA provided no lawful basis for surrender but merely told Malladi Inc.'s manager that it would be bad for the company to challenge this demand.  The manager, under duress and pressure from several DEA officials, and in a good faith effort to display cooperation that the DEA officials stated would be helpful, surrendered the company's import registration.  On belief and information, Plaintiffs allege there was a genuine dispute regarding the basis for DEA's demand that Malladi Inc. surrender its registration.

20.     Three days later, on April 14, 2005 (6 days after Malladi Inc.'s Inventory was seized), a shipment of 400 drums of Ephedrine Hydrochloride manufactured by Malladi DPL (the "First Shipment"), bound for Malladi Inc. and destined for ultimate delivery to Novus arrived at the port of Newark, NJ, fewer than 25 miles away from Malladi Inc.'s Edison facility.  Aware of the

shipment's imminent arrival based on either the Form 486 or LONO, and in furtherance of the decision made on or before April 8 to seize all of the Pseudoephedrine and Ephedrine in transit to Malladi Inc., DEA seized the First Shipment, valued at $464,000.

21.     On April 27, 2005, a shipment of 240 drums of Pseudoephedrine Hydrochloride manufactured by Malladi DPL and bound for Malladi Inc. (the "Second Shipment") arrived at the port of Staten Island, NY, a mere 18 miles away from Malladi Inc.'s Edison facility.  Aware of the shipment's imminent arrival based on either the Form 486 or LONO, and in furtherance of the decision made on or before April 8 to seize all of the Pseudoephedrine and Ephedrine in transit to Malladi Inc., DEA seized the Second Shipment, valued at $250,500.

22.     Five days later, on May 2, the final shipment, 400 drums of Ephedrine Hydrochloride manufactured by Malladi DPL, bound for Malladi Inc. and destined for ultimate delivery to Novus (the "Third Shipment"), arrived at the port of Elizabeth, NJ, a mere 20 miles away from the Malladi Inc.'s Edison facility.  Aware of the shipment's imminent arrival based on either the Form 486 or LONO, and in furtherance of the decision made on or before April 8 to seize all of the Pseudoephedrine and Ephedrine in transit to Malladi Inc., DEA seized the Third Shipment, valued at $464,000.[1]

23.     Only after the arrival and subsequent seizure of *all* incoming shipments in transit at the time of the April 6, 2005 inspection did DEA provide notice of the seizures and commence proceedings seeking forfeiture of the merchandise.  On May 9, 2005, DEA attempted to send (each under separate cover) three forms titled "Notice of Seizure" to Malladi, Inc. or its representatives.  The three forms were all mailed on May 9 and related to the Inventory, First Shipment and Third Shipment.

---

[1] DEA appraised the First Shipment and the Third Shipment at $464,000 each; however, documents submitted to DEA with Novus's challenge to those shipments specify the proper market value at the time was $500,000 each.

24.    The Inventory, First Shipment and Third Shipment were all assigned the same case number, C3-05-2025.

25.    On June 9, 2005, DEA mailed a "Notice of Seizure" for the Second Shipment.  That shipment was assigned case number C1-05-0195.[2]

26.    The aggregate value of all seized merchandise is $1,420,000.

27.    DEA asserts that the merchandise has been forfeited through an administrative forfeiture.

28.    DEA's procedurally invalid administrative forfeiture against the items described at ¶¶ 17, 20-22 above is based on the misapplication of 19 U.S.C. § 1607.  That statute reads in relevant part:

> (a) Notice of seizure. If --
>    (1) the value of such seized vessel, vehicle, aircraft, merchandise, or baggage ***does not exceed $500,000*** . . .
>
> the appropriate customs officer shall cause a notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published for at least three successive weeks in such manner as the Secretary of the Treasury may direct.  Written notice of seizure together with applicable procedures shall be sent to each party who appears to have an interest in the seized property. (emphasis added).

29.    Appraisement of the value of the seized merchandise is required by law.  19 U.S.C. § 1606.

30.    The proper procedure for seizing merchandise in excess of $500,000 is set forth at 19 U.S.C. § 1610.  That requires:

> If any vessel, vehicle, aircraft, merchandise, or baggage is not subject to section 1607 of this title, the appropriate customs officer shall transmit a report of the case, with the names of available witnesses, to the United States attorney for the district in which the seizure was made for the institution of the proper proceedings for the condemnation of such property.

---

[2] All Notices of Seizure are attached as Exhibit 1.

31.    These provisions constitute a clear statutory command that judicial forfeiture is the only process through which Plaintiffs' merchandise, valued at $1,420,000, may be forfeited.[3]

32.    All merchandise described above was manufactured and exported by Malladi DPL and located at or intended for delivery to Malladi Inc.'s Edison facility, and two of the shipments were ultimately destined for use by Novus Fine Chemicals in Carlstadt, NJ.

33.    Inasmuch as DEA believed that possession or importation of this merchandise violated a statute, the statute implicated was the same for each shipment.

34.    DEA did not attempt to send notice of the seizure of each shipment, *seriatim*, as the merchandise was seized.  Rather, the agency waited until one week after all expected shipments arrived and had in fact been seized before it sent notice regarding the seizure of the merchandise.

35.    Because DEA did not send notice until all the merchandise had been seized, there would have been no substantial delay (if any delay at all) were DEA to have sought forfeiture in a single proceeding.

36.    DEA's seizure of the shipments bound for Novus worked substantial hardship on Novus. Although Novus continued to operate immediately after the seizure (albeit at a greatly reduced rate), it could not acquire replacement raw materials in a timely and cost-effective manner and was forced to shut down its processing facility in July and August 2005.  Novus has been denied access to materials valued at $928,000 and has incurred unabsorbed facility costs of $479,583.

---

[3] Defendant's own understanding of 19 U.S.C. § 1607 is entirely consistent with Plaintiffs' interpretation.  Justice Department policy instructs all seizing agencies to aggregate the value of seized items "where several items of property are subject to forfeiture (a) under the same statutory authority, (b) on the same factual basis, (c) have a common owner, and (d) have a combined appraised value of over $500,000 . . ." and forfeit those items in a single judicial proceeding "provided that aggregation would not "substantially delay the forfeiture." *See Increased Administrative Forfeiture Caps*, Directive 91-2, Office of the Deputy Attorney General (Feb. 26, 1991); Asset Forfeiture Law and Practice Manual, U.S. Department of Justice (June, 1998); Asset Forfeiture Policy Manual, U.S. Department of Justice (January, 2006).

**B.      DEA Deprived Plaintiffs of Their Statutory Rights by Failing to Act on Plaintiffs' Judicial Claims.**

37.      Representatives of Malladi Inc. received the notices of seizure describing the merchandise seized by DEA.  These notices invite parties with ownership interests to contest seizure by filing with Forfeiture Counsel at DEA a petition for remission or mitigation ("petition for remission"), a claim, or *both*.  The notices do not specify how parties should title challenges intended to satisfy both the elements of a petition for remission *and* a claim.  Indeed, these forms do not even instruct parties on how to identify their challenges at all.  The forms simply enumerate the elements of a petition for remission and the elements of a claim.

38.      The required elements of a petition for remission are (1) proof of a party's interest in the property; and (2) a statement of facts and circumstances to justify remission or mitigation.

39.      As distinguished from a petition for remission, the elements of a claim are (1) specific identification of the property being seized; (2) the claimant's interest in such property; and (3) a sworn oath that such information is true.  18 U.S.C. § 983(a)(1)(C).

40.      According to DEA instructions, petitions for remission and claims are to be filed within the same office at DEA.

41.      According to DEA instructions, and by statutory command, a "claim need not be made in any particular form."

42.      There is a person or group within DEA tasked with giving careful consideration and examination to correspondence contesting forfeiture.  That person or group is charged with determining, *inter alia*, whether there exists proof of forfeitability under the Customs laws, whether a claim is adequate, and whether a claim is timely.  When necessary, this determination is carried out in conjunction with the U.S. Attorney's Office, which may advise DEA in those instances where the adequacy of a claim is in dispute.

43.     Receipt of a claim requires the government to file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint.  18 U.S.C. § 983(a)(3)(A).

44.     On May 20, 2005, Novus, through counsel, submitted to DEA  documents that satisfied both the requirements of a claim and petition for remission or mitigation of forfeiture.  These documents challenged the seizure of the First and Third Shipments of 400 drums each of Ephedrine Hydrochloride intended for use by Novus (case number C3-05-2025; aggregate value, $928,000).  These documents were styled as a petition for remission or mitigation and alleged facts and circumstances in support of the same.  These documents also satisfied the elements of a claim by specifically identifying the property, identifying Novus' interest in it, and complying with the requirement that they be filed under oath.[4]

45.     On July 12, 2005, Malladi DPL, through counsel, submitted to DEA a document that satisfied both the requirements of a judicial claim and petition for remission or mitigation of forfeiture.  This document challenged seizure of the Second Shipment (case number C1-05-0195).  This document was styled as a petition for remission or mitigation and alleged facts and circumstances in support of the same.  This document also satisfied the elements of a claim by specifically identifying the property, identifying Malladi DPL's interest in it, and complying with the requirement that it be filed under oath.[5]

46.     On October 21, 2005, Malladi DPL, through counsel, submitted to DEA a document that satisfied both the requirements of a judicial claim and petition for remission or mitigation of forfeiture.  This document challenged the seizure of the Inventory (case number C3-05-2025).  This document was styled as a petition for remission or mitigation and alleged facts and

---

[4] Attached as Exhibit 2a and 2b.
[5] Attached as Exhibit 3.

circumstances in support of the same.  This document also satisfied the elements of a claim by

specifically identifying the property, identifying Malladi DPL's interest in it, and complying with

the requirement that it be filed under oath.[6]

47.     DEA did not forward Plaintiffs' claims to the proper U.S. Attorney's Office for initiation

of judicial proceedings.  This conduct has resulted in a substantial, unexcused, and unreasonable

delay of Plaintiffs' right to judicial review.

48.     DEA has not returned the Inventory, First Shipment, Second Shipment, or the Third

Shipment to Novus or Malladi DPL.

## First Cause of Action
### (Violation of 19 U.S.C. § 1607 and § 1610)

49.     Plaintiffs repeat and reallege paragraphs 1 through 48 herein by reference.

50.     DEA acted outside its statutory authority by commencing forfeiture proceedings under 19

U.S.C. § 1607 when it was required to commence judicial condemnation under 19 U.S.C. § 1610

because the value of the merchandise seized was in excess of $500,000.

51.     Had DEA complied with §§ 1607 and 1610, it would have immediately referred this

matter to the U.S. Attorney's Office for initiation of judicial proceedings as required by 19

U.S.C. § 1910.

52.     Instead, Defendant mailed faulty Notices of Seizure, presented Plaintiffs with a false

statutorily inapplicable option for relief, and acted outside the scope of the authority delegated to

the Agency by Congress when it administratively forfeited Plaintiffs' merchandise valued at

more than $500,000.

---

[6] Attached as Exhibit 4.

53.     As a direct and proximate result of Defendant's actions in excess of her statutory jurisdiction and authority, Plaintiffs have been deprived of property in a procedurally defective manner.

## Second Cause of Action
### (Violation of 18 U.S.C. § 983(a)(3)(A))

54.     Plaintiffs repeat and reallege paragraphs 1 through 48 herein by reference.

55.     Malladi DPL and Novus timely filed with DEA claims to the seized property in compliance with 18 U.S.C. § 983(a)(2)(A).  Each claim complied with all of the formal requirements for a claim in 18 U.S.C. § 983(a)(2)(C) and complied with the instructions for submitting a claim to DEA set forth in the Notice of Seizure furnished by the Agency.

56.     DEA did not file a complaint for forfeiture within 90 days after the filing of the claims referenced in ¶¶ 44-46.

57.     DEA's failure to file a complaint violated 18 U.S.C. § 983(a)(3)(A).

58.     18 U.S.C. § 983(a)(3)(B) provides that, in the event DEA fails to file a complaint for forfeiture, "the Government shall promptly release the property."

59.     As a direct and proximate result of Defendant's violation of Section 983, Plaintiffs have been deprived of property in procedurally defective manner.

## Third Cause of Action
### (Violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution)

60.     Plaintiffs repeat and reallege the paragraphs 1 through 48 herein by reference.

61.     The due process clause of the Fifth Amendment dictates that an individual whose property has been confiscated by the government be granted a hearing within a reasonable time after the seizure occurs.  This command requires the government to explain and justify

substantial delays in seeking the forfeiture of seized property.  Instances of substantial,

unexcused and unreasonable delay bar further proceedings for forfeiture on due process grounds.

62.     As a direct and proximate result of Defendant's unwillingness to commence judicial

forfeiture proceedings, Plaintiffs have been denied the due process of law as required by the Fifth

Amendment to the U.S. Constitution.

### Prayer for Relief

63.     WHEREFORE, Malladi DPL and Novus request that this Court:

(1)     Declare that Defendant acted outside the scope of authority delegated to DEA by

Congress when DEA purported to administratively forfeit Plaintiffs' merchandise valued at more

than $500,000;

(2)     Declare that Defendant's failure to file a complaint for forfeiture within ninety

days after Plaintiffs filed claims requires Defendant to "promptly release the property" to

Plaintiffs pursuant to 18 U.S.C. § 983;

(3)     Declare that Defendant's failure to commence judicial forfeiture proceedings

regarding the seized merchandise described herein has resulted in an unreasonable delay of

Plaintiffs' right to judicial review and has denied Plaintiffs due process of law as required by the

Fifth Amendment to the U.S. Constitution;

(4)     Order the Defendant to return promptly the seized merchandise described herein

to Plaintiffs, or;

(5)     Alternatively, order the Defendant to commence judicial proceedings pursuant to

18 U.S.C. § 983 within fifteen days; and

(6)     Grant such further relief as the Court deems just and proper.

September 21, 2007                     Respectfully submitted,


                                       Malladi Drugs & Pharmaceuticals, Ltd.

                                       NOVUS Fine Chemicals, LLC

                                       by their attorneys,


                                       KING & SPALDING LLP


                                        _/s/ Zachary J. Harmon_
                                       Zachary J. Harmon
                                       D.C. Bar No. 453125
                                       Eugene M. Pfeifer
                                       D.C. Bar No. 140954
                                       1700 Pennsylvania Avenue N.W.
                                       Washington, D.C. 20006
                                       202-737-0500
                                       FAX: 202-626-3737

# EXHIBIT 1



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

| | |
|---|---|
| Asset Id: | 05-DEA-450357 |
| Case Number: | C3-05-2025 |
| Property: | 233 Drums of List I Chemicals (Pseudoephedrine & Ephedrine) |
| Asset Value: | $241,500.00 |
| Seizure Date: | 04/08/05 |
| Seizure Place: | Edison, NJ |
| Owner Name: | Malladi Inc. |
| Seized From: | Malladi Inc. |
| Judicial District: | District of New Jersey |

Malladi Inc.
c/o Eugene Pfifer/Esq.
1700 Pennsylvania Avenue NW
Washington, DC 20006

NOTICE MAILING DATE: May 9, 2005

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (pardon) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by June 13, 2005. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f),

release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset Id referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

| | |
|---|---|
| Asset Id: | 05-DEA-450545 |
| Case Number: | C3-05-2025 |
| Property: | 400 Drums of List I Chemicals (Ephedrine Hydrochloride) |
| Asset Value: | $464,000.00 |
| Seizure Date: | 04/14/05 |
| Seizure Place: | Newark, NJ |
| Owner Name: | Malladi Inc. |
| Seized From: | Malladi Inc. |
| Judicial District: | District of New Jersey |

Malladi Inc.
c/o Eugene Pfifer/Esq.
1700 Pennsylvania Avenue NW
Washington, DC 20006

NOTICE MAILING DATE: May 9, 2005

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by June 13, 2005. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f),

release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset Id referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Malladi Inc
c/o Eugene Pfifer/Esq.
King and Spalding LLC
1700 Pennsylvania Avenue NW
Washington, DC 20666

| | |
|---|---|
| Asset Id: | 05-DEA-451290 |
| Case Number: | C1-05-0195 |
| Property: | 240 drums of List I Chemicals(Pseudoephedrine)Aprox. 7,409kg |
| Asset Value: | $370,450.00 |
| Seizure Date: | 04/27/05 |
| Seizure Place: | Staten Island, NY |
| Owner Name: | Malladi Inc |
| Seized From: | Malladi, Inc. |
| Judicial District: | Eastern District of New York |

NOTICE MAILING DATE: June 9, 2005

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by July 14, 2005. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f),

release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset Id referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Malladi Inc.
c/o Eugene Pfifer/Esq.
1700 Pennsylvania Avenue NW
Washington, DC 20006

| | |
|---|---|
| Asset Id: | 05-DEA-451301 |
| Case Number: | C3-05-2025 |
| Property: | 400 Drums of List I Chemicals (Ephedrine Hydrochloride) |
| Asset Value: | $464,000.00 |
| Seizure Date: | 05/02/05 |
| Seizure Place: | Elizabeth, NJ |
| Owner Name: | Malladi Inc. |
| Seized From: | Malladi, Inc. |
| Judicial District: | District of New Jersey |

NOTICE MAILING DATE: May 9, 2005

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (pardon) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by June 13, 2005. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f),

release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset Id referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).

# EXHIBIT 2A

# KING & SPALDING LLP

1700 Pennsylvania Avenue, N.W.
Washington, DC 20006-4706
www.kslaw.com

Eugene M. Pfeifer
Direct Dial: (202) 626-2909
Direct Fax: (202) 626-3737
gpfeifer@kslaw.com

May 20, 2005

**VIA COURIER AND U.S. MAIL**

*Malladi File:*
*"Pseudoephedrine Seizure*
*4/14/05 - 400 drums*
*Case # C3-05-2025"*

Forfeiture Counsel
Asset Forfeiture Section
Office of Operations Management
Drug Enforcement Administration
HQs Forfeiture Response
P.O. Box 1475
Quantico, VA 22134-1475
         and
Forfeiture Counsel
Asset Forfeiture Section
Office of Operations Management
Drug Enforcement Administration
2401 Jefferson Davis Highway
Alexandria, VA 22301

**RE: NOVUS FINE CHEMICALS, LLC's PETITION FOR REMISSION OR**

**MITIGATION OF FORFEITURE**

To Whom It May Concern:

On behalf of our client, Novus Fine Chemicals, LLC, 611 Broad Street (also 426 Orchard
Street) Carlstadt, NJ, 07072 ("Novus"), we hereby petition for the remission or mitigation of
forfeiture of the **400 Drums of List 1 Chemicals (Ephedrine Hydrochloride)** seized from
Malladi Incorporated ("Malladi") on April 14, 2005. **Attachment A** to this letter is the
declaration of Joseph V. Fusco, President of Novus, attesting to our authority to file this petition.
*See* **Attachment A, ¶ 4. Attachment B** to this letter is the declaration of Eugene M. Pfeifer,

ATLANTA • HOUSTON • LONDON • NEW YORK • WASHINGTON, D.C.

Forfeiture Counsel
May 20, 2005
Page 2

Counsel for Novus, attesting upon information and belief that the information contained herein is truthful and complete. *See* **Attachment B, ¶ 4.**

Pursuant to 28 C.F.R. Part 9, the following information is set forth in support of our Petition:

I.    **Identifying Information of Petitioner.**

Joseph V. Fusco

President

REDACTED

Novus Fine Chemicals, LLC

426 Orchard Street

Carlstadt, NJ  07072

II.    **Identifying Information of Seized Asset**

Seizing Agency:  Drug Enforcement Administration ("DEA")

Asset Identifier Number:  05-DEA-450545

Case Number:  C3-05-2025

Property Description:  400 Drums of List 1 Chemicals (Ephedrine Hydrochloride)

IV.    **Petitioner's Interest in the Seized Asset**

Novus is a registered establishment engaged in the conversion of Ephedrine Hydrochloride to the Active Pharmaceutical Ingredient ("API") Pseudoephedrine Hydrochloride. Novus sells this API to manufacturers of finished dosage form pharmaceuticals, including, among other companies, Sanofi-Aventis, Novartis, and Pfizer.

Forfeiture Counsel
May 20, 2005
Page 3

Novus ordered 20,000.00 kg of Ephedrine Hydrochloride from Malladi, INc., Edison,

N.J, 08818 ("Malladi") on January 10, 2005. Copies of Novus' purchase order 003092-00

(January 10, 2005), Malladi DEA Form 486 Import Declaration # DEA/095/04/NOV (January

10, 2005), DEA letter of no objection (February 9, 2005), Malladi Invoice #747 to Novus (March

25, 2005) and the shipment's Bill of Lading # CHN0054768/001 (March 8, 2005) are herewith

provided. *See* **Attachment C**. This documentation establishes Novus' ownership of, and

entitlement to, the seized articles of Ephedrine Hydrochloride.

**V.      Rationale for Remission or Mitigation**

We believe that the facts and circumstances of this case justify complete remission or

mitigation of the seized property. On April 6, 2005, DEA officials conducted an administrative

inspection of Malladi, the distributor to Novus of the seized Ephedrine Hydrochloride. During

this inspection, the DEA officials itemized, selected, and seized certain Malladi records,

including, on information and belief, some records pertaining to the seized Ephedrine

Hydrochloride.

On April 6 and again on their April 11 site visit to Malladi, DEA officials expressed

reservations about Malladi's recordkeeping procedures. Notably, these reservations did not

extend to product integrity or safety issues; rather, the DEA officials believed that the

organization of the file room and the systems by which documents were maintained and product

distributed did not allow records to be made readily available upon request or to reconcile

inventory. On April 11, 2005, in a good faith effort to demonstrate its willingness to comply

with DEA regulations, Malladi voluntarily surrendered its List I Chemical Privileges. As a

Forfeiture Counsel
May 20, 2005
Page 4

result, Malladi is no longer able to receive shipments of List I Chemicals. At the time of the privilege surrender, Novus had two shipments of Ephedrine Hydrochloride *en route* to Malladi. Upon arrival, these shipments, including the one subject to this petition, were promptly seized by DEA due to Malladi's lack of List 1 Chemical Privileges.

Thus, Novus is petitioning DEA for the remission or mitigation of this seized shipment that were *en route* to Malladi. There is no evidence that this product is in any way defective, or that the product was diverted or counterfeited. Rather, this product has been seized only because it was being delivered to a company that surrendered its privileges for the reasons noted above.

In light of the fact that Novus, the owner of the seized product, is in full compliance with both DEA and FDA regulations, and that there are no questions or concerns relating to the quality or integrity of the seized product, we respectfully request that DEA return the seized product to Novus on an expedited basis.

Novus Fine Chemicals is committed to meeting, and where possible, exceeding DEA's requirements concerning the safe handling and distribution of controlled substances. As such, we are more than willing to work with you to address any concerns over this seized product or any other products at issue.

If you have questions or concerns, please do not hesitate to contact me at (202) 626-2909. In my absence, please contact Ms. Kate Williams at (202) 626-5403. Thank you in advance for your consideration of this Petition.

Forfeiture Counsel
May 20, 2005
Page 5

Respectfully submitted,

Eugene M. Pfeifer

Kate A. Williams

Counsel for Novus Fine Chemicals, LLC


cc: Joseph V. Fusco, Pres., Novus Fine Chemicals, LLC

w/ Enclosures

Forfeiture Counsel
May 20, 2005
Page 6

## ATTACHMENT A

I, Joseph Fusco, do hereby declare the following:

1.    I am the President of Novus Fine Chemicals, LLC.  As such, I have the authority to speak for the Company on all issues relating to the recent seizure of our goods from Malladi, Inc.

2.    This Declaration is based on my personal knowledge.  If called, I could and would testify competently to all the matters contained herein.

4.    Eugene M. Pfeifer and Kate A. Williams, both of King & Spalding LLP have the authority to represent Novus Fine Chemicals in this proceeding.

5.    I have fully reviewed the petition, and the petition is truthful and accurate in every respect.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _19th_ day of May, 2005, at _CARLSTADT, N.J._.

orfeiture Counsel
May 20, 2005
age 7

Joseph V. Fusco

President, Novus Fine Chemicals LLC

Forfeiture Counsel
May 20, 2005
Page 8

## ATTACHMENT B

I, Eugene M. Pfeifer, do hereby declare the following:

    1.    I am a Partner at King & Spalding LLP. I am licensed to practice law before the United States Supreme Court and in Washington, D.C.

    2.    I represent Novus Fine Chemicals, LLC. As such, I have the authority to represent the Company in this proceeding.

    2.    This Declaration is based on my personal knowledge. If called, I could and would testify competently to all the matters contained herein.

    4.    I have fully reviewed the petition, and upon information and belief the petition is truthful and accurate in every respect.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of May, 2005, at Washington, DC

Eugene M. Pfeifer

Forfeiture Counsel
May 20, 2005
Page 9

King & Spalding LLP

Counsel for Novus Fine Chemicals LLC

# ATTACHMENT C

Jan. 10. 2005  2:14PM

**PURCHASE ORDER**

No. 0553  P. 2

# NOVUS
## FINE CHEMICALS
*A bridge to API's & Pharmaceuticals*
426 Orchard St.
Carlstadt, NJ 07072

S0191

| P O NUMBER | PAGE |
|---|---|
| 003092-00 | 1 |
| PO DATE | ORDER TYPE | CHANGE CANCEL |
| 01/10/05 | Normal | Release |

ORDERED
FROM

MALLADI, INC.
76 NATIONAL ROAD

EDISON NJ 08818

SHIP
TO

Novus Fine Chemicals, LLC
611 Broad Street
Orchard Street Enterance
Carlstadt NJ 07072

| BUYER | TERMS | | | FOB | SHIP VIA | COL/PPD |
|---|---|---|---|---|---|---|
| A. Jindia | Net 180 Days | Yes | Yes | Carlstadt Plant | BEST WAY | Ppd |

| LINE NUMBER | QUANTITY ORDERED BLANKET TYPE | UOM | OUR ITEM NUMBER DESCRIPTION COMMENTS | YOUR ITEM NUMBER | UNIT PRICE | REQUESTED DATE | CHANGE CANCEL |
|---|---|---|---|---|---|---|---|
| 1 | 20,000.00 | KG | 10166N l-Ephedrine Hydrochloride | | 18.00 | 03/01/05 | |
| | | | Product CAS Number Must Appear On All Containers | | Ext Price = 360,000.00 | | |

N VUS

COMMENTS
Each Container Must be Labeled
With Manufacturers Lot Number
Prod.Name, Gross,Net,&Tare Wts
Supply.COA w/ Invoice & Shipmt
containing all Specs. and/or
Compendial Specifications.

TOTAL EXT PRICE = 360,000.00

U.S. Department of Justice
Drug Enforcement Administration

**IMPORT EXPORT DECLARATION**
**Precursor and Essential Chemicals**

| SEE REVERSE FOR INSTRUCTIONS AND PRIVACY ACT. | OMB Approval No. 1117-0023 |
|---|---|

| 1. CHECK ONE: | U. S. CUSTOMS CERTIFICATION |
|---|---|
| (X) IMPORT DECLARATION       [ ] EXPORT DECLARATION | |

| 1a. IMPORTER/EXPORTER (Name, Address, Telephone No. to Include Area Code, Telex No. and where available FAX No.) | 1b. BROKER OR FORWARDING AGENT, IF USED (Name, Address, Telephone No. to Include Area Code, Telex No. and where available FAX No.) | Date of Departure/Arrival |
|---|---|---|
| **Malladi, Inc.,** 76 National Road, Edison, NJ 08818 Ph: 732-287 0666 Fax: 732-287 1231 | **K.C. Burdette Company Inc.,** 1201 Corbin St.,, Elizabeth, NJ 07201. Ph: 908-353 6222 Fax: 908-353 8450 | Name of Carrier/Vessel |
| | | Date of Certification |
| 1c.  I CERTIFY THAT THE 15-DAY ADVANCE NOTICE REQUIREMENT HAS BEEN WAIVED.     [ ] Check if applicable | | Signature of Customs Official |

### 2.  LISTED CHEMICALS TO BE IMPORTED/EXPORTED.

| 2a. Name and Description of Chemical appearing on label or container | 2b. Name of Chemical as designated by Title 21 C.F.R. 1310.02 | 2c. Number of containers, size, net weight of each chemical (Kg.) | 2d. Gross Weight of each Item (Kg.) |
|---|---|---|---|
| **Ephedrine Hydrochloride** | Ephedrine, its salts, optical isomers and salts of optical isomers | 50 kg x 400 drums. Total net weight: 20000kg. | 56.5 kg x 400 drums. Total gross weight: 22600kg. approx. |
| _Our ref:_ _DEA/095/04/NOV_ | Customer: Novus Fine Chemicals, 426 Orchard St., Carlstadt, NJ 07072. Contact person: Dr.Amol Kulkarni, CEO at (201)635-1342 OR Mr. Arvind Jindia, purchasing at (201) 635-2869 | | |

| 3a. (X) FOREIGN   [ ] DOMESTIC PORT OF EXPORTATION (last U.S. Customs Port) AND APPROX. DEPARTURE DATE | 3a. [ ] FOREIGN   (X) DOMESTIC PORT OF IMPORTATION (first U.S. Customs Port) AND APPROX. ARRIVAL DATE |
|---|---|
| **Chennai, India – Jan 21, 2005** | **Elizabeth port , New Jersey – Feb 25, 2005** |

| 4a. MODE OF TRANSPORT; NAME OF VESSEL, CARRIER | 4b. NAME OF ALL INTERMEDIATE CARRIERS |
|---|---|
| **Ocean freight** | ———————— |

| 5a. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF FOREIGN CONSIGNEE/CONSIGNOR | 5b. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF ALL INTERMEDIATE CONSIGNEES |
|---|---|
| **Malladi Drugs & Pharmaceuticals Ltd.,** 52 Jawaharlal Nehru Road, Chennai 600 097, India. Ph: 234-5881/82  Fax: 234-5884/0104 | ———————— |

| SIGNATURE OF AUTHORIZED INDIVIDUAL ( Print or Type Name below Signature) | DATE | NAME OF FIRM |
|---|---|---|
| Sanjay V.Lanka Asst. Marketing Manager | 01-10-2005 | **MALLADI, Inc.** |
| DEA/095/04/NOV | | |

DEA Form – 486 (Jun 1988)      Customer PO#003092-00/01-10-05      DEA:LONO#      Copy 1

FEB-09-2005  11:03

U. S. Department of Justice
Drug Enforcement Administration

P.01/01

www.dea.gov

Washington, D.C. 20537

Mr. H. V. Chauhan
Narcotics Commissioner
Government of India
Central Bureau of Narcotics
19 Mall Road, Morar
Gwalior 474006 (M.P.), India

FEB 0 9 2005

Dear Mr. Chauhan:

The U.S. Drug Enforcement Administration (DEA) has received a request for a letter of no objection for the following shipment.

U.S. Importer:      Malladi, Inc.
                    76 National Road
                    Edison, NJ 08818
Exporter:           Malladi Drugs & Pharmaceuticals Ltd.
                    52 Jawaharlal Nehru Road,
                    Chennai, 600 097, India
DEA Control No.:    5022847
Chemical:           Ephedrine Hydrochloride
Quantity:           20,000 kgs
Importer Ref. No.:  DEA/095/04/NOV

Please be advised that the DEA has no objection to the proposed shipment at this time. We wish to remind you however, that the DEA continues to have concern over diversion of this chemical to the clandestine manufacture of controlled substances and therefore this notice applies only to the identified shipment.

Any questions regarding this letter may be directed to this office at (202) 307-4780. A copy of this letter of no objection will be faxed/mailed to the U.S. importer, and to the appropriate DEA offices.

Sincerely,

S. Scott Collier, Chief
Dangerous Drugs and Chemicals Section

OPTIONAL FORM 99 (7-90)
FAX TRANSMITTAL    # of pages ▸  2

To/Agency  Malladi, Inc    From  DEA/OEO

732-287-1231            Fax #  202-307-4780
7540-01-317-7368    5099-101    GENERAL SERVICES ADMINISTRATION



# MALLADI, INC.

76 National Road, Edison, NJ 08818

Ph: (732) 287 0666 Fax: (732) 287 1231

# Invoice

| Date | Invoice # |
|---|---|
| 3/25/2005 | 747 |

**Bill To**

Novus Fine Chemicals
611 Broad Street
Carlstadt, NJ 07072

**Ship To**

Novus Fine Chemicals
611 Broad Street
Orchard Street Enterance
Carlstadt, NJ 07072

| P.O. Number | Terms | Ship Dt | Shipped Via | F.O.B. | CIF |
|---|---|---|---|---|---|
| 3092/1-10-05 | Consignment Basis | 3/25/2005 | Ocean | Edison, NJ | |

| Quantity (Kg) | Item Code | Description | Price/kg (US$) | Amount (U... |
|---|---|---|---|---|
| 20,000 | Hydrochloride | Ephedrine Hydrochloride<br>Batch#154404 to 155104 and 101105 to 102205 | 25.00 | 500,000.00 |

| TOTAL DUE | $500,000.00 |
|---|---|

Make all checks payable to: MALLADI, INC.
If you have any questions concerning this Invoice,
please call us at the above phone number.

| B/L. No. | 191 |
|---|---|

RECEIVED ABOVE MATERIALS IN GOOD ORDER AND CONDITION

CUSTOMER / CUSTOMER AUTHORIZED SIGNATORY

*Thank you for your business!*

*For Malladi, Inc.*

*Authorized Signatory*

Shipper
**MALLADI DRUGS & PHARMACEUTICALS LTD**
**52, JAWAHARLAL NEHRU ROAD**
**EKKADUTHANGAL**
**CHENNAI 600 097**
**INDIA**

B/L no.
**CHN0054768/001**
Shipper's reference
**EXP-036/2004-05**
Forwarder's reference
**CXS04958P1**

Consignee (in US trade only negotiable if made out TO ORDER)
**MALLADI INCORPORATED**
**76, NATIONAL ROAD, EDISON,**
**NEW JERSEY - 08818,**
**UNITED STATES OF AMERICA.**
**TEL:0017322870666 FAX:0017322871231**

Notify party and address
**K.C.BURDETTE COMPANY, INC.,**
**1201 CORBIN STREET, ELIZABETH,**
**NJ 07201, PH: (908) 353 6222**
**FAX: (908) 353 8450**



# SEAQUEST LINE

| Pre-carriage by | Place of receipt |
| --- | --- |

| Vessel (or substitute) | Port of loading |
| --- | --- |
| **MSK VILNIUS V.514** | **Chennai** |

| Port of discharge | Place of delivery |
| --- | --- |
| **New York NY** | **New York, U.s.a** |

## ORIGINAL BILL OF LADING

General Agents in India : **G GEOLOGISTICS PVT.LTD.**

| Shipping marks, container number | Number and kind of packages; description of goods Said to contain | Gross weight | Measurement |
| --- | --- | --- | --- |
| **FCL/FCL 2x20'** **MALINC,PO NO.2561** **GROSS,TARE AND** **NET WEIGHT** **EPHEDRINE HYDRO-** **LORIDE USP CAS NO** **50-98-6,N.D.C.NO.** **057218-111-02** **CAUTION:FEDERAL** **LAW PROHIBITS** **DISPENSING WITHO-** **UT PRESCRIPTION** **FOR MANUFACTURING** **PROCESSING OR** **REPACKING** | **400 DRUM(S)** **SHIPPER LOAD, COUNT & SEAL** **1) NO OF DRUMS:400x50 KGS** **NET EACH** **EPHEDRINE HYDROCHLORIDE** **USP** **H.S.CODE NO.2939.41.00** **IEC NO:0488026628** **INV NO:EX-036/2004-05** **SB NO:2017957/07.03.2005** **DEA LONO:5022847/09.02.05** **PO NO:2561/09.02.2005** **NET WT:20000.000KGS** **"FREIGHT AND DOC PREPAID"** | **22461.43** | **50.000** |
| **Total Packages      400** **CONTAINER NO: 1)TTNU2474861,SEAL NO:0247307, 200 DRUMS ONLY** **2)MSKU2395570,SEAL NO:0247400, 200 DRUMS ONLY** | **Total   22461.43** | | **50.000** |

* if Place of Receipt or Place of Delivery  boxes are completed shipment will be treated as Through Combined Transport.

Shipper's declared value for carriage  (See Ad Valorem Clause Para 8(3) on Reverse)
**NOT APPLICABLE**

For these goods  apply to:
**GEOLOGISTICS AMERICAS INC. (CLE)**
**6925 Engle Road**
**Middleburg Heights**
**Cleveland,  OH 44130**
**UNITED STATES OF AMERICA**

RECEIVED FOR SHIPMENT as above in apparent good order and condition unless otherwise stated hereon, the goods described in the above particulars.

In accepting this Bill of Lading, the Merchant agrees to be bound by all the stipulations, exceptions, terms and conditions on the face and back hereof, whether written, typed, stamped, printed or otherwise incorporated.

IN WITNESS whereof the number of original bills of lading stated below have been signed, all of this tenor and date, one of which being accomplished the others to stand void.

Freight details: charges etc.

CHENNAI, INDIA                Place of issue                    **08-Mar-2005**

# EXHIBIT 2B

# KING & SPALDING LLP

1700 Pennsylvania Avenue, N.W.
Washington, DC  20006-4706
www.kslaw.com

Eugene M. Pfeifer
Direct Dial: (202) 626-2909
Direct Fax: (202) 626-3737
gpfeifer@kslaw.com

May 20, 2005

**VIA COURIER AND U.S. MAIL**

Forfeiture Counsel
Asset Forfeiture Section
Office of Operations Management
Drug Enforcement Administration
HQs Forfeiture Response
P.O. Box 1475
Quantico, VA  22134-1475
        and
Forfeiture Counsel
Asset Forfeiture Section
Office of Operations Management
Drug Enforcement Administration
2401 Jefferson Davis Highway
Alexandria, VA  22301

*Malladi file:*
*"Pseudophedrine Seizure*
*May 2, 2005; Case #*
*C3-05-2025"*

**RE:  NOVUS FINE CHEMICALS, LLC's PET**

**MITIGATION OF FORFEITURE**

To Whom It May Concern:

On behalf of our client, Novus Fine Chemicals, LLC, 611 Broad Street (also 426 Orchard Street) Carlstadt, NJ, 07072 ("Novus"), we hereby petition for the remission or mitigation of forfeiture of the **400 Drums of List 1 Chemicals (Ephedrine Hydrochloride)** seized from Malladi Incorporated ("Malladi") on May 2, 2005.  Attachment A to this letter is the declaration of Joseph V. Fusco, President of Novus, attesting to our authority to file this petition.  *See* Attachment A, ¶ 4.  Attachment B to this letter is the declaration of Eugene M. Pfeifer, Counsel for Novus, attesting upon information and belief that the information contained herein is truthful and complete.  *See* Attachment B, ¶ 4.

Forfeiture Counsel
May 20, 2005
Page 2

Pursuant to 28 C.F.R. Part 9, the following information is set forth in support of our

Petition:

I.    **Identifying Information of Petitioner.**

Joseph V. Fusco

President

REDACTED

Novus Fine Chemicals, LLC

426 Orchard Street

Carlstadt, NJ  07072

II.    **Identifying Information of Seized Asset**

Seizing Agency:  Drug Enforcement Administration ("DEA")

Asset Identifier Number:  05-DEA-451301

Case Number:  C3-05-2025

Property Description:  400 Drums of List 1 Chemicals (Ephedrine Hydrochloride)

IV.    **Petitioner's Interest in the Seized Asset**

Novus is a registered establishment engaged in the conversion of Ephedrine

Hydrochloride to the Active Pharmaceutical Ingredient ("API") Pseudoephedrine Hydrochloride.

Novus sells this API to manufacturers of finished dosage form pharmaceuticals, including,

among other companies, Sanofi-Aventis, Novartis, and Pfizer.

Novus ordered 20,000.00 kg of Ephedrine Hydrochloride from Malladi, Inc., Edison, N.J,

08818 ("Malladi") on January 10, 2005.  Copies of Novus' purchase order 003094-00 (January

10, 2005), Malladi DEA Form 486 Import Declaration # DEA/096/04/NOV (January 10, 2005),

Forfeiture Counsel
May 20, 2005
Page 3

DEA letter of no objection (February 17, 2005), Malladi Invoice #748 to Novus (March 25, 2005) and the shipment's Bill of Lading # CHN0055520/001 (March 23, 2005) are herewith provided. *See* **Attachment C.** This documentation establishes Novus' ownership of, and entitlement to, the seized articles of Ephedrine Hydrochloride.

**V.    Rationale for Remission or Mitigation**

We believe that the facts and circumstances of this case justify complete remission or mitigation of the seized property. On April 6, 2005, DEA officials conducted an administrative inspection of Malladi, the distributor to Novus of the seized Ephedrine Hydrochloride. During this inspection, the DEA officials itemized, selected, and seized certain Malladi records, including, on information and belief, some records pertaining to the seized Ephedrine Hydrochloride.

On April 6 and again on their April 11 site visit to Malladi, DEA officials expressed reservations about Malladi's recordkeeping procedures. Notably, these reservations did not extend to product integrity or safety issues; rather, the DEA officials believed that the organization of the file room and the systems by which documents were maintained and product distributed did not allow records to be made readily available upon request or to reconcile inventory. On April 11, 2005, in a good faith effort to demonstrate its willingness to comply with DEA regulations, Malladi voluntarily surrendered its List I Chemical Privileges. As a result, Malladi is no longer able to receive shipments of List I Chemicals. At the time of the privilege surrender, Novus had two shipments of Ephedrine Hydrochloride *en route* to Malladi.

Forfeiture Counsel
May 20, 2005
Page 4

Upon arrival, these shipments, including the one subject to this petition, were promptly seized by

DEA due to Malladi's lack of List 1 Chemical Privileges.

    Thus, Novus is petitioning DEA for the remission or mitigation of this seized shipment

that were *en route* to Malladi. There is no evidence that this product is in any way defective, or

that the product was diverted or counterfeited. Rather, this product has been seized only

because it was being delivered to a company that surrendered its privileges for the reasons noted

above.

    In light of the fact that Novus, the owner of the seized product, is in full compliance with

both DEA and FDA regulations, and that there are no questions or concerns relating to the

quality or integrity of the seized product, we respectfully request that DEA return the seized

product to Novus on an expedited basis.

    Novus Fine Chemicals is committed to meeting, and where possible, exceeding DEA's

requirements concerning the safe handling and distribution of controlled substances. As such,

we are more than willing to work with you to address any concerns over this seized product or

any other products at issue.

    If you have questions or concerns, please do not hesitate to contact me at (202) 626-2909.

In my absence, please contact Ms. Kate Williams at (202) 626-5403. Thank you in advance for

your consideration of this Petition.

Forfeiture Counsel
May 20, 2005
Page 5

Respectfully submitted,

Eugene M. Pfeifer

Kate A. Williams

Counsel for Novus Fine Chemicals, LLC

cc: Joseph V. Fusco, Pres., Novus Fine Chemicals, LLC

w/ Enclosures

Forfeiture Counsel
May 20, 2005
Page 6

## ATTACHMENT A

I, Joseph Fusco, do hereby declare the following:

1.    I am the President of Novus Fine Chemicals, LLC.  As such, I have the authority to speak for the Company on all issues relating to the recent seizure of our goods from Malladi, Inc.

2.    This Declaration is based on my personal knowledge.  If called,  I could and would testify competently to all the matters contained herein.

4.    Eugene M. Pfeifer and Kate A. Williams, both of King & Spalding LLP have the authority to represent Novus Fine Chemicals in this proceeding.

5.    I have fully reviewed the petition, and the petition is truthful and accurate in every respect.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _19th_ day of May, 2005, at _CRANLSFORT, N.J._ .

Forfeiture Counsel
May 20, 2005
Page 7

Joseph V. Fusco

President, Novus Fine Chemicals LLC

Forfeiture Counsel
May 20, 2005
Page 8

## ATTACHMENT B

I, Eugene M. Pfeifer, do hereby declare the following:

    1.    I am a Partner at King & Spalding LLP.  I am licensed to practice law before the United States Supreme Court and in Washington, D.C.

    2.    I represent Novus Fine Chemicals, LLC.  As such, I have the authority to represent the Company in this proceeding.

    2.    This Declaration is based on my personal knowledge.  If called, I could and would testify competently to all the matters contained herein.

    4.    I have fully reviewed the petition, and upon information and belief the petition is truthful and accurate in every respect.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of May, 2005, at _Washington, DC_.

Eugene M. Pfeifer

Forfeiture Counsel
May 20, 2005
Page 9

King & Spalding LLP

Counsel for Novus Fine Chemicals LLC

# ATTACHMENT C

PURCHASE ORDER

No. 0553    P. 3



# NOVUS
## FINE CHEMICALS
*A bridge to API's & Pharmaceuticals*
426 Orchard St.
Carlstadt, NJ 07072

| P.O. NUMBER | PAGE |
|---|---|
| 003094-00 | 1 |

| P.O. DATE | ORDER TYPE | CHANGE/CANCEL |
|---|---|---|
| 01/10/05 | Normal | Release |

ORDERED
FROM

MALLADI, INC.
76 NATIONAL ROAD

EDISON NJ 08818

SHIP
TO

S0192

Novus Fine Chemicals, LLC
611 Broad Street
Orchard Street Enterance
Carlstadt NJ 07072

| BUYER | TERMS | TAXABLE | | FOB | SHIP VIA | COL/PPD |
|---|---|---|---|---|---|---|
| A. Jindia | Net 180 Days | Yes | Yes | Carlstadt Plant | BEST WAY | Ppd |

| LINE NUMBER | QUANTITY ORDERED / BLANKET TYPE | UOM | OUR ITEM NUMBER DESCRIPTION/COMMENTS | YOUR ITEM NUMBER | UNIT PRICE | REQUESTED DATE | CHANGE CANCEL |
|---|---|---|---|---|---|---|---|
| 1 | 20,000.00 | KG | 10166N | | 18.00 | 05/01/05 | |
| | | | 1-Ephedrine Hydrochloride | | | | |
| | | | Product CAS Number Must Appear On All Containers | | Ext Price = | 360,000.00 | |

NOVUS

COMMENTS
Each Container Must be Labeled
With Manufacturers Lot Number
Prod.Name, Gross,Net,&Tare Wts
Supply COA w/ Invoice & Shipmt
containing all Specs. and/or
Compendial Specifications.

TOTAL Ext Price = 360,000.00

ORDERED BY

U.S. Department of Justice
Drug Enforcement Administration

**IMPORT ( PORT DECLARATION**
Precursor and Essential Chemicals

| SEE REVERSE FOR INSTRUCTIONS AND PRIVACY ACT. | | OMB Approval No. 1117-0023 |
|---|---|---|

**1. CHECK ONE:**    [X] IMPORT DECLARATION    [ ] EXPORT DECLARATION

**U. S. CUSTOMS CERTIFICATION**

| 1a. IMPORTER/EXPORTER (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.) | 1b. BROKER OR FORWARDING AGENT, IF USED (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.) | |
|---|---|---|

*Malladi, Inc.,*
76 National Road,
Edison, NJ 08818
Ph: 732-287 0666 Fax: 732-287 1231

*K.C. Burdette Company Inc.,*
1201 Corbin St.,,
Elizabeth, NJ 07201.
Ph: 908-353 6222 Fax: 908-353 8450

Date of Departure/Arrival

Name of Carrier/Vessel

Date of Certification

Signature of Customs Official

**1c.** I CERTIFY THAT THE 15-DAY ADVANCE NOTICE REQUIREMENT HAS BEEN WAIVED.    [ ] Check if applicable

**2. LISTED CHEMICALS TO BE IMPORTED/EXPORTED**

| 2a. Name and Description of Chemical appearing on label or container | 2b. Name of Chemical as designated by Title 21 C.F.R. 1310.02 | 2c. Number of containers, size, net weight of each chemical (Kgs.) | 2d. Gross Weight of each item (Kgs.) |
|---|---|---|---|
| **Ephedrine Hydrochloride** | Ephedrine, its salts, optical isomers and salts of optical isomers | 50 kg x 400 packets. Total net weight: 20000kg. | 56.5 kg x400 packets. Total gross weight: 22600kg. approx. |

Customer: Novus Fine Chemicals,
426 Orchard St.,
Carlstadt, NJ 07072.
Contact person: Dr.Amol Kulkarni, CEO at (201)635-1342
OR Mr. Arvind Jindla, purchasing at (201) 635-2869

<u>Our ref:</u>
<u>DEA/096/04/NOV</u>

**3a.** [X] FOREIGN [ ] DOMESTIC PORT OF EXPORTATION (last U.S. Customs Port) AND APPROX. DEPARTURE DATE

*Chennai, India -- Feb 21, 2005*

**3b.** [ ] FOREIGN [X] DOMESTIC PORT OF IMPORTATION (first U.S. Customs Port) AND APPROX. ARRIVAL DATE

*Elizabeth port , New Jersey -- Mar 25, 2005*

**4a.** MODE OF TRANSPORT; NAME OF VESSEL, CARRIER

*Ocean freight*

**4b.** NAME OF ALL INTERMEDIATE CARRIERS

**5a.** NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF FOREIGN CONSIGNEE/CONSIGNOR

*Malladi Drugs & Pharmaceuticals Ltd.,*
52 Jawaharlal Nehru Road, Chennai 600 097, India.
Ph: 234-5881/82 Fax: 234-5884/0104

**5b.** NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF ALL INTERMEDIATE CONSIGNEES

SIGNATURE OF AUTHORIZED INDIVIDUAL ( Print or Type Name below Signature)

Sanjay V. Lanka
Asst. Marketing Manager

DEA/096/04/NOV

DATE
01-10-2005

NAME OF FIRM
*MALLADI, Inc.*

DEA Form — 486
(Jun 1988)

Customer PO#003094-00/01-10-05    DEA:LONO#

Copy 1

CEIVED: 2/16/05 10:11AM;    LLADI, INC.: #004; PAGE 1

FEB-18-2005  09:11                                                           P.01/02



U. S. Department of Justice
Drug Enforcement Administration

*www.dea.gov*                    Washington, D.C.  20537

Mr. H. V. Chauhan                      FEB 17 2005
Narcotics Commissioner
Government of India
Central Bureau of Narcotics
19 Mall Road, Morar
Gwalior 474006 (M.P.), India

Dear Mr. Chauhan:

   The U.S. Drug Enforcement Administration (DEA) has received a request for a letter of no objection for the following shipment.

|  |  |
|---|---|
| U.S. Importer: | Malladi, Inc. |
|  | 76 National Road |
|  | Edison, NJ 08818 |
| Exporter: | Malladi Drugs & Pharmaceuticals Ltd. |
|  | 52 Jawaharlal Nehru Road, |
|  | Chennai 600 097, India |
| DEA Control No.: | 5022848 |
| Chemical: | Ephedrine Hydrochloride |
| Quantity: | 20,000 kgs |
| Importer Ref. No.: | DEA/096/04/NOV |

   Please be advised that the DEA has no objection to the proposed shipment at this time.  We wish to remind you however, that the DEA continues to have concern over diversion of this chemical to the clandestine manufacture of controlled substances and therefore this notice applies only to the identified shipment.

   Any questions regarding this letter may be directed to this office at (202) 307-4780.  A copy of this letter of no objection will be faxed/mailed to the U.S. importer, and to the appropriate DEA offices.

                                       Sincerely,

                                       *Chandra Perry*
                                           *for*

                                       S. Scott Collier, Chief
                                       Dangerous Drugs and Chemicals Section

TIONAL FORM 99 (7-90)

**FAX TRANSMITTAL**   # of pages ▶ 2

To: *Malladi Inc*     From: DEA/OED

w/JAgency

Dept./Agency          Phone #

# 732-287-1231   Fax # 202-307-4780

5099-101    GENERAL SERVICES ADMINISTRATION



# MALLADI, INC.

76 National Road, Edison, NJ 08818

Ph: (732) 287 0666  Fax: (732) 287 1231

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/25/2005 | 748 |

**Bill To**

Novus Fine Chemicals
611 Broad Street
Carlstadt, NJ 07072

**Ship To**

Novus Fine Chemicals
611 Broad Street
Orchard Street Enterance
Carlstadt, NJ 07072

| P.O. Number | Terms | Ship Dt | Shipped Via | F.O.B. | CIF |
|-------------|-------|---------|-------------|--------|-----|
| 3094/1-10-05 | Consignment Basis | 3/25/2005 | Ocean | Edison, NJ | |

| Quantity (Kg) | Item Code | Description | Price/kg (US$) | Amount (U... |
|---------------|-----------|-------------|----------------|--------------|
| 20,000 | Hydrochloride | Ephedrine Hydrochloride | 25.00 | 500,000.00 |

| **TOTAL DUE** | **$500,000.00** |
|---------------|-----------------|

Make all checks payable to: *MALLADI, INC.*
*If you have any questions concerning this Invoice,*
*please call us at the above phone number.*

| B/L. No. | 192 |
|----------|-----|

RECEIVED ABOVE MATERIALS IN GOOD ORDER AND CONDITION

CUSTOMER / CUSTOMER AUTHORIZED SIGNATORY

*Thank you for your business!*

*For Malladi, Inc.*

*Authorized Signatory*

RECEIVED: 3/28/05  8:33AM; ->MALLADI, INO.; #116; PAGE 2

FROM : MDPL MKT

FAX NO. : 91 44 22345884                    Mar. 25 2005 05:31PM P2

| | |
|---|---|
| Shipper | B/L No. |
| MALLADI DRUGS & PHARMACEUTICALS LTD | CHN0055520/001. |
| 52, JAWAHARLAL NEHRU ROAD | Shipper's reference |
| EKKADUTHANGAL | EX:039/2004-2005 |
| CHENNAI 600 097 | Forwarder's reference |
| INDIA | CXS05035P0 |

Consignee   (in US trade only negotiable if made out TO ORDER)

MALLADI INCORPORATED
76, NATIONAL ROAD, EDISON,
NEW JERSEY - 08818.
UNITED STATES OF AMERICA.
TEL#0017322870666 FAX#0017322871231

Notify party and address

K.C.BORDETTE COMPANY, INC.,
1201 CORBIN STREET, ELIZABETH,
NJ 07201, PH: (908) 353 6222
FAX: (908) 353 8450



# ORIGINAL BILL OF LADING

General Agents in India : G GEOLOGISTICS PVT.LTD.

| Pre-carriage by | Place of receipt |
|---|---|
| | |

| (or substitute) Port of loading | |
|---|---|
| TIGER CLOUD V.196   Chennai/India | |

| Port of discharge | Place of delivery |
|---|---|
| New York NY | New York / Usa |

| Shipping marks; container/ number | Number and kind of packages; description of goods Said to contain | Gross weight | Measurement |
|---|---|---|---|
| FCL/FCL 2x20' | SHIPPER LOAD, COUNT & SEAL | 22434.76 | 50.000 |
| MALINC,PO NO.2565 400 DRUM(S) | 1) NO OF FIBER DRUMS: | | |
| GROSS,TARE AND | 400x50 KGS NET EACH | | |
| NET WEIGHT | EPHEDRINE HYDROCHLORIDE | | |
| EPHEDRINE HYDROH- | USP | | |
| LORIDE USP CAS NO | H.S.CODE NO.2939.41.00 | | |
| 50-98-6,N.D.C.NO. | IEC NO:0488026628 | | |
| 057218-*111-02 | INV NO:EX-039/2004-05 | | |
| CAUTION:FEDERAL | SB NO:2028739/23.03:2005 | | |
| LAW PROHIBITS | DEA LONO:5022848/17.02.05 | | |
| DISPENSING WITHO- | PO NO:2565/18.02.2005 | | |
| UT PRESCRIPTION | NET WT:20000.00KGS | | |
| FOR MANUFACTURING | | | |
| PROCESSING OR | "FREIGHT AND DDC PREPAID" | | |
| REPACKING | | | |
| Total Packages   400 | Total | 22434.76 | 50.000 |

CONTAINER.NO: 1) TTNU3544773,SEAL NO:742867, 200 DRUMS ONLY
              2) TTNU1831901,SEAL NO:742871, 200 DRUMS ONLY

* If Place of Receipt or Place of Delivery boxes are completed shipment will be treated as Through Combined Transport.

Shipper's declared value for carriage (See Ad Valorem Clause Para 8(3) on Reverse)

NOT APPLICABLE

For these goods apply to:

GEOLOGISTICS AMERICAS INC. (CLE)
6925 Engle Road
Middleburg Heights
Cleveland, OH 44130
UNITED STATES OF AMERICA

RECEIVED FOR SHIPMENT as above in apparent good order and condition unless otherwise stated hereon, the goods described in the above particulars.

In accepting this Bill of Lading, the Merchant agrees to be bound by all the stipulations, exceptions, terms and conditions on the face and back hereof, whether written, typed, stamped, printed or otherwise incorporated.

IN WITNESS whereof the number of original bills of lading stated below have been signed, all of this tenor and date, one of which being accomplished the others to stand void.

| Freight details; charges etc. | Ocean freight payable at CHENNAI/INDIA | Place and date of issue Chennai | 23-Mar-2005 |
|---|---|---|---|
| | Number of original B/L 3 | Signature | |
| | | For and on behalf of Seaquest Line, the Carrier. | |

# EXHIBIT 3

# KING & SPALDING LLP

1730 Pennsylvania Avenue, N.W.
Washington, DC 20006-4706
Fax: 202/626-3737
www.kslaw.com

Eugene M. Pfeifer
Direct Dial: 202/626-2909
gpfeifer@kslaw.com

July 12, 2005

**Via U.S. Mail**

Forfeiture Counsel
Asset Forfeiture Section
Office of Operations Management
Drug Enforcement Administration
HQs Forfeiture Response
P. O. Box 1475
Quantico, VA 22134-1475

**Via Hand Delivery**

Vicki L. Rashid
Forfeiture Counsel
Asset Forfeiture Section
Office of Operations Management
Drug Enforcement Administration
2401 Jefferson Davis Highway
Alexandria, VA 22301

**RE:** **Petition of Malladi Drugs and Pharmaceuticals Ltd. for Remission or Mitigation of Forfeiture**

To Whom It May Concern:

On behalf of our client, Malladi Drugs and Pharmaceuticals Ltd., No. 52, (ND) Jawaharal Nehru Road, Ekkattuthangal, Chennai 600 097, India ("Malladi India"), we hereby petition for the remission or mitigation of forfeiture of the 240 Drums of List 1 Chemicals (Pseudoephedrine Hydrochloride ("Pseudoephedrine")) seized from Malladi Incorporated, 76 National Road, Edison, New Jersey 08818 ("Malladi") on April 27, 2005. Malladi is a wholly owned subsidiary of Malladi India. **Attachment A** to this letter is the declaration of V. N. Gopalakrishman, Chief Executive Officer of Malladi India, attesting to our authority to file this petition. *See* **Attachment A, ¶ 4.** **Attachment B** to this letter is the declaration of Eugene M. Pfeifer, Counsel for Malladi, India, attesting upon information and belief that the information contained herein is truthful and complete. *See* **Attachment B, ¶ 4.**

ATLANTA • HOUSTON • LONDON • NEW YORK • WASHINGTON, D.C.

Forfeiture Counsel
July 12, 2005
Page 2

Pursuant to 28 C.F.R. Part 9, the following information is set forth in support of our

Petition:

**I.    Identifying Information of Petitioner.**

V.N. Gopalakrishman

Chief Executive Officer

Malladi Drugs and Pharmaceuticals, Ltd.

No. 52, (ND) Jawaharal Nehru Road

Ekkattathangal, Chennai

600 097, India

**II.    Identifying Information of Seized Asset**

Seizing Agency:  Drug Enforcement Administration ("DEA")

Asset Identifier Number:  05-DEA-451290

Case Number:  CI-05-0195

Property Description:  240 Drums of List 1 Chemicals (Pseudoephedrine Hydrochloride)

**III.    Petitioner's Interest in Seized Asset**

Malladi India is regularly engaged in the manufacture of the Active Pharmaceutical

Ingredient ("API') Pseudoephedrine.  This API is used to manufacture finished dosage form

pharmaceuticals by various companies in the United States, Mexico and elsewhere.

On January 24, 2005, Malladi ordered 3,000 kg. of Pseudoephedrine from GC

Chemie Pharmie Limited, Kutch, Gujarat 370230, India ("Chemie Pharmie").  This

Pseudoephedrine was manufactured by Malladi India; it was provided to Chemie Pharmie, an

authorized API distributor of Malladi India.  These 3,000 kg. constitute half of the seized

Pseudoephedrine.  Documents pertinent to these 3,000 kg. include Malladi Purchase Order 2555

Forfeiture Counsel
July 12, 2005
Page 3

(January 24, 2005), Malladi DEA Form 486 Import Declaration # DEA/080/04/ MEG/MEX,

DEA Letter of No Objection 5022673 (January 21, 2005), Chemie Pharmie Invoice # 018/04-05

(March 1, 2005), and Bill of Lading # BOM0085746/001 (March 12, 2005), which includes

these 3,000 kg. among the 6,000 kg. covered in the Bill of Lading. **See Attachment C.**

The other 3,000 of the total 6,000 kg. of Pseudoephedrine seized also was manufactured

by Malladi India, also was ordered by Malladi from Chemie Pharmie, and also was shipped by

Chemie Pharmie to Malladi. Documents pertinent to these 3,000 kg. include Malladi Purchase

Order 2554 (January 24, 2005), Malladi DEA Form 486 Import Declaration # DEA/075/04/

MEG/MEX, DEA Letter of No Objection 5022672 (January 21, 2005), Chemie Pharmie Invoice

# 017/04-05 to Malladi (March 1, 2005), and Bill of Lading # BOM0085746/001 (March 12,

2005), which includes these 3,000 kg. among the 6,000 kg. identified. **See Attachment D.**

Chemie Pharmie is indebted to Malladi India in an amount incorporating the value of the

seized Pseudoephedrine, for which Malladi India has not been paid and for which Malladi has

not made payment to Chemie Pharmie as a consequence of the seizure. Malladi India retains

ownership in, and entitlement to, the seized Pseudoephedrine.

The seized importations of these 6,000 kg. of Pseudoephedrine were intended to replace

inventory maintained at Malladi, which inventory had been depleted by prior authorized

shipments to Megafarma, S.A., Narciso Mendoza Nr 15, Col. Manual Avila Comacho, Mexico

D.F., Mexico, 11610 ("Megafarma"), the authorized Mexican distributor of API for Malladi

India and Malladi. Specifically, on November 24, 2004, Malladi filed DEA Form 486 Export

Declaration # DEA/039/04/EXP/MEG/MEX for 3,000 kg. of Pseudoephedrine, thereafter

received DEA's Letter of Objection 5022673 (January 21, 2005), and on or about March 25,

2005 shipped these 3,000 kg. of Pseudoephedrine to Megapharma. (e.g., Malladi Invoice # 704,

Forfeiture Counsel
July 12, 2005
Page 4

January 28, 2005; Razor Enterprise [the freight forwarder] Invoice #AE1427, March 24, 2005;

and Air Waybill #865-02723604). **See Attachment E.** Similarly, on November 15, 2004,

Malladi filed DEA Form 486 Export Declaration # DEA/036/04/EXP/MEG/MEX for the other

3,000 kg. of Pseudoephedrine, thereafter received DEA's Letter of No Objection 5022672

(January 21, 2005), and on or about February 17, 2005 shipped these 3,000 kg. of

Pseudoephedrine to Megafarma. (e.g., Malladi Invoice # 683, January 7, 2005; Razor Enterprise

Inc. Invoice #AE1338, February 17, 2005; and Air Waybill #865-02723582). **See Attachment**

**F.** Note that the shipment dates on the respective Malladi invoices are anticipated, not actual,

transportation dates; thus, the freight forwarder invoice dates of shipments are referenced.

## V.    Rationale for Remission or Mitigation

We believe that the facts and circumstances of this case justify complete remission or

mitigation of the seized property. On April 6, 2005, DEA officials conducted an administrative

inspection of Malladi, the consignee of the seized Pseudoephedrine. During this inspection, the

DEA officials itemized, selected, and seized certain Malladi records, including, on information

and belief, some records pertaining to the seized Pseudoephedrine.

On April 6 and again on April 11 site visit to Malladi, DEA officials expressed

reservations about Malladi's recordkeeping procedures. Notably, these reservations did not

extend to product integrity or safety issues; rather, the DEA officials believed that the

organization of the file room and the systems by which documents were maintained and product

distributed did not allow records to be made readily available upon request or to reconcile

inventory. On April 11, 2005, in a good faith effort to demonstrate its willingness to comply

with DEA regulations, Malladi voluntarily surrendered its List I Chemical Privileges. As a

result, Malladi is no longer able to receive shipments of List I Chemicals. At the time of the

Forfeiture Counsel
July 12, 2005
Page 5

privilege surrender, the seized Pseudoephedrine was *en route* to Malladi. Upon arrival, the

Pseudoephedrine subject to this petition was seized by DEA due to Malladi's lack of List I

Chemical Privileges.

Thus, Malladi India is petitioning DEA for the remission or mitigation of this seized

shipment. There is no evidence that this product is in any way defective, or that the product was

diverted or counterfeited. Rather, this product has been seized only because it was being

delivered to a company that surrendered its privileges for the reasons noted above.

In light of the fact that Malladi India, the manufacturer and owner of the seized product,

is in full compliance with all applicable Indian and United States laws and regulations, and that

there are no questions or concerns relating to the quality or integrity of the seized product, we

respectfully request that DEA release the seized product to Malladi India or such third party as

Malladi India and DEA agree is lawfully authorized to accept delivery.

Malladi India is committed to meeting, and where possible, exceeding DEA's

requirements concerning the safe handling and distribution of controlled substances. As such,

Malladi India is willing to work with DEA to address any concerns over this seized product or

any other products at issue.

If you have any questions or concerns, please do not hesitate to contact me at (202) 626-

2909. In my absence, please contact Ms. Kate Williams at (202) 626-5403. Thank you in

advance for your consideration of this Petition.

Respectfully submitted,

Eugene M. Pfeifer
Kate Williams
Counsel for Malladi India

cc: V. N. Gopalakrishman (w/Enc.)

# ATTACHMENT A

## ATTACHMENT A

I, V.N. Gopalakrishnan, do hereby declare the following:

1.    I am the Chief Executive Officer of Malladi Drugs & Chemicals Ltd., No. 52, (NP) Jawaharlal Nehru Road, Ekkattuthangal, Chennai 600 097, India.  As such, I have the authority to speak for the Company on all issues relating to the seizure on or about April 27, 2005 of 240 drums of List I Chemicals (Pseudoephedrine Hydrochloride), consisting of approximately 7,409 kg., shipped to Malladi, Inc., Edison, New Jersey.  These goods are referred to in a June 9, 2005 Notice of Seizure by Asset Id. (No.) 05-DEA-451290

2.    This Declaration is based on my personal knowledge.  If called, I could and would testify competently to all the matters contained herein.

3.    Eugene M. Pfeifer and Kate A. Williams, both of King & Spalding LLP, have the authority to represent Malladi Drugs & Chemicals Ltd. in this proceeding.

4.    I have fully reviewed the petition in respect to Asset No 05-DEA-451290 (Case No. CI-05-0195), and the petition is truthful and accurate in every respect.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this  _11_  day of July, 2005, at  *CHENNAI, INDIA*

V. N. Gopalakrishnan
Chief Executive Officer
Malladi Drugs & Pharmaceuticals, Ltd.

# ATTACHMENT B

**ATTACHMENT B**

I, Eugene M. Pfeifer, do hereby declare the following:

1.    I am a Partner at King & Spalding LLP. I am licensed to practice law before the United States Supreme Court and in Washington, D.C.

2.    I represent Malladi Drugs & Pharmaceuticals Ltd., Chennai, India. As such, I have the authority to represent the Company in this proceeding.

3.    This Declaration is based on my personal knowledge. If called, I could and would testify competently to all the matters contained herein.

4.    I have fully reviewed the petition, and upon information and belief the petition is truthful and accurate in every respect.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of July, 2005, at Washington, D.C.

Eugene M. Pfeifer
King & Spalding LLP
Counsel for Malladi Drugs and Pharmaceuticals, Ltd.

ATLANTA • HOUSTON • LONDON • NEW YORK • WASHINGTON, D.C.

# ATTACHMENT C

Attachment C



# MALLADI, INC.

76 National Road, Edison, NJ 08818

Ph: (732) 287 0666 Fax: (732) 287 1231

**Purchase Order**

| Date | P.O. No. |
|------|----------|
| 1/24/2005 | 2555 |

**Vendor:**

GC Chemie Pharmie Limited
Shed 355 Stabdard Type Sector-1
Kandla Special Economic Zone
Kutch, Gujarat 370230
India

**Ship To:**

Malladi, Inc.,
76 National Road,
Edison,
New Jersey 08818

| Terms | Ship Via | Ship By: | CIF | DEA LONO REF: |
|-------|----------|----------|-----|---------------|
| 180 | Ocean Freight | 2/18/2005 | New Jersey | 5022673 |

| Documents through: | BOB |
|---------------------|-----|

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| Hydrochloride | Pseudoephedrine Hydrochloride | 3,000 | 43.25 | 129,750.00 |

*Please notify our forwarding agents upon arrival of the goods:
K.C. Burdette Company,Inc., 1201 Corbin St, ELIZABETH, NJ 07201,(Ph)(908)353 6222
Fax: (908)353 8450
*Please send the following documents in triplicate:
1. Commerical Invoice
2. Certificate of Origin, certified by a government agency 3. Packing and weight list 4.
Insurance certificate covering all war risks and all external risks, including packing, to be
arranged by you at 10% over CIF value 6. Bill of Lading or Airway Bill.
MARKS: MALINC, PO No., Country of Origin, Gross, Tare and Net weights, Product
names in full with control numbers.
CAUTION: Federal law prohibits dispensing without prescription. FOR
MANUFACTURING, PROCESSING OR REPACKING.
*THE PO NUMBER MUST APPEAR ON ALL RELATED
CORRESPONDENCE,SHIPPING PAPERS< AND INVOICES.

| Total | $129,750.00 |
|-------|-------------|

**For Malladi, Inc.**

*L. V. Sway*

**Authorized Signatory**

U.S. Department of Justice
Drug Enforcement Administration

**IMPORT/EXPORT DECLARATION**
Precursor and Essential Chemicals

SEE REVERSE FOR INSTRUCTIONS AND PRIVACY ACT.

| | OMB Approval No. 1117-0023 |
|---|---|

1. CHECK ONE:   [X] IMPORT DECLARATION      [ ] EXPORT DECLARATION

**U. S. CUSTOMS CERTIFICATION**

1a. IMPORTER/EXPORTER (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.)

🌲 *Malladi, Inc.,*
76 National Road,
Edison, NJ 08818
Ph: 732-287 0666 Fax: 732-287 1231

1b. BROKER OR FORWARDING AGENT, IF USED (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.)

*K.C. Burdette Company Inc.,*
1201 Corbin St.,,
Elizabeth, NJ 07201.
Ph: 908-353 6222 Fax: 908-353 8450

Date of Departure/Arrival

Name of Carrier/Vessel

Date of Certification

Signature of Customs Official

1c. I CERTIFY THAT THE 15-DAY ADVANCE NOTICE REQUIREMENT HAS BEEN WAIVED.      [ ] Check if applicable

2. LISTED CHEMICALS TO BE IMPORTED/EXPORTED

| 2a. Name and Description of Chemical appearing on labels or container | 2b. Name of Chemical as designated by Title 21 C.F.R. 1310.02 | 2c. Number of containers, size, net weight of each chemical (Kg.) | 2d. Gross Weight of each item (Kg.) |
|---|---|---|---|
| Pseudoephedrine Hydrochloride | Pseudoephedrine, its salts, optical isomers and salts of optical isomers | 25 kg x 120 fiber drums. Total net weight: 3000 kg. | 28 kg x 120 fiber drums. Total gross weight: 3360 kg. approx. |

Customer: Megafarma S.A. de C.V.,
      Av. Antoine Lavoisier No.22,
      Parque Industrial Cuamatla,C.P. 54730
      Estado de Mexico,MEXICO
(Contact: Sra. Aurora Pedroche: Ph: 011 52 55 5899 9029)

*Our ref:*

*DEA/080/04/MEG/MEX* (This import decleration is for re-export to the above customer.

Ref: Our Export Decleration:DEA/039/04/EXP/MEG/MEX dt:11/24/04)

3a. [X] FOREIGN  [ ] DOMESTIC PORT OF EXPORTATION (last U.S. Customs Port) AND APPROX. DEPARTURE DATE

*Kandla port, India -- Jan 16, 2004*

3b. [ ] FOREIGN  [X] DOMESTIC PORT OF IMPORTATION (first U.S. Customs Port) AND APPROX. ARRIVAL DATE

*Elizabeth,NJ -- Feb 26, 2004*

4a. MODE OF TRANSPORT; NAME OF VESSEL, CARRIER

*Ocean freight*

4b. NAME OF ALL INTERMEDIATE CARRIERS

-------------------------

5a. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF FOREIGN CONSIGNEE/CONSIGNOR
GC Chemie Pharmie Ltd.
Shed 355 Standard type Sector 1,
Kandla Special Economic Zone,
Kutch, Gandhi Dham- 370 230, INDIA

5b. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF ALL INTERMEDIATE CONSIGNEES

-------------------------

SIGNATURE OF AUTHORIZED INDIVIDUAL ( Print or Type Name below Signature)

DEA/080/04/MEG/MEX      *Sanjay Lanka*
Asst. Marketing Manager

| DATE | NAME OF FIRM |
|---|---|
| 12-30-2004 | 🌲 *MALLADI, Inc.* |

DEA Form - 486
Jun 1989)      Customer PO#M-4689/11-12-04      DEA:LONO#

Copy 1

# INVOICE

| Exporter   M/s. G. C. CHEMIE PHARMIE LTD. | Invoice No: & Date | Exporter Ref. |
| Address : SHED NO 355, STANDARD TYPE SECTOR 1, | 018/04-05 DTD. 01/03/05 | |

**Exporter** M/s. G. C. CHEMIE PHARMIE LTD.
Address : SHED NO 355, STANDARD TYPE SECTOR 1,
KANDLA SPECIAL ECONOMIC ZONE
KUTCH, GHANDHIDHAM 370 230

**Invoice No: & Date**     Exporter Ref.
018/04-05 DTD. 01/03/05

**Buyer's order No. & Date**
2555 dated 24/01/05

other References :
IMPORT LICENCE NO. 5022673
NOC NO 163/2005 DTD. 14/02/2005

**Consignee :**
M/s. MALLADI INC.
76 NATIONAL ROAD,
EDISON, NEW JERSEY 08818,
UNITED STATES OF AMERICA
Documents Through: Bank of Baroda,

        1 Park Avenue, New York,
        NY 100016

Buyer ( If other than consignee)

| Pre Carriage  by | Place of recpt. by precarrier | Country of origin of goods INDIA | Country of Final Destination NEW YORK, U.S.A. |

Pre Carriage  by | Place of recpt. by precarrier

**Country of origin of goods**
INDIA

**Country of Final Destination**
NEW YORK, U.S.A.

Vessel/Flight No:  | Port of Loading KANDLA

**Terms of Delivery and payment**
CIF SEA NEW YORK
PAYMENT : D/A 180 DAYS

Port of Discharge | Final Destination

NEW YORK | NEW YORK, U.S.A.

| Marks & Nos Container No: | No & Kind of Pkgs    Description of  Goods | QTY KG | RATE USD / KG | Amount USD |
|---|---|---|---|---|
| 15 Pallets of 200 Kgs Net each (Each pallet consisting of 8 Fiber Drums x 25 Kgs Net) | PSEUDOEPHEDRINE HCL USP H.S.CODE NO: 2939 42 BATCH NO: 514303 514403 to 514603 512203 GROSS WEIGHT: | 3000.00 | 46.00 | 138,000.00 |

MFG DT: EXP DT:
Nov 2003 : Oct 2008
Dec 2003 : Nov 2008
Oct 2003 : Sept 2008

3704.83 Kgs

SHIPPING MARKS:
MALINC
PO NO: 2555
COUNTRY OF ORIGIN: INDIA
GROSS, TARE AND NET WEIGHTS
PSEUDOEPHEDRINE HCL USP
CAS NO: 345-78-8, NDC NO: 057218-0801-1
CAUTION: FEDERAL LAW PROHIBITS DISPENSING WITHOUT PRESCRIPTION
        FOR MANUFACTURING, PROCESSING OR REPACKING

BANK DETAILS : INDUS IND BANK LTD.
LOKHANDWALA BRANCH, MORYA ESTATE, NEW LINK ROAD,
ANDHERI (WEST), OSHIWARA,  MUMBAI - 400 053. INDIA.
EEFC A/C No. 0028 727304050, SWIFT CODE- INDBINBBBOL

| Amount Chargeable : US DOLLARS ONE LAC THIRTY EIGHT THOUSAND ONLY GOODS MANUFACTURED BY MALLADI DRUGS & PHARMEACUTICALS LIMITED | Total | 138,000.00 |

We M/s G.C. Chemie Pharmie Ltd, hereby declare that we have maintained all the records properly as prescribed under notification
no. 137/2000 cus & 52/2000 CEX both dated 19.10.2000 inculding this consignment covered under invoice no. 18 dt 01/03/05

We also certify that the value declared for clearance are true & correct.
Verified marks&nos. at random,found the same as declared & goods are stuffed in my presence, no physical examination
conducted. The declared goods are stuffed in cont no.
SEZ SEAL NO.

Signature & Date
For G. C. CHEMIE PHARMIE LTD.,
        Signed

# ATTACHMENT D

 **MALLADI, INC.**

 Purchase Order

76 National Road, Edison, NJ 08818

Ph: (732) 287 0666 Fax: (732) 287 1231

| Date | P.O. No. |
|------|----------|
| 1/24/2005 | 2554 |

**Vendor**

GC Chemie Pharmie Limited
Shed 355 Stabdard Type Sector-1
Kandla Special Economic Zone
Kutch, Gujarat 370230
India

**Ship To**

Malladi, Inc.,
76 National Road,
Edison,
New Jersey 08818

| Terms | Ship Via | Ship By: | CIF | DEA LONÒ REF: |
|-------|----------|----------|-----|---------------|
| 180 | Ocean Freight | 2/18/2005 | New Jersey | 5022672 |

| Documents through: | | BOB | |
|--------------------|--|-----|--|

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| Hydrochloride | Pseudoephedrine Hydrochloride | 3,000 | 43.25 | 129,750.00 |

*Please notify our forwarding agents upon arrival of the goods:
K.C. Burdette Company,Inc., 1201 Corbin St, ELIZABETH, NJ 07201,(Ph)(908)353 6222
Fax: (908)353 8450
*Please send the following documents in triplicate:
1. Commerical Invoice
2. Certificate of Origin, certified by a government agency 3. Packing and weight list 4.
Insurance certificate covering all war risks and all external risks, including packing, to be
arranged by you at 10% over CIF value 6. Bill of Lading or Airway Bill.
MARKS: MAL.INC, PO No., Country of Origin, Gross, Tare and Net weights, Product
names in full with control numbers.
CAUTION: Federal law prohibits dispensing without prescription. FOR
MANUFACTURING, PROCESSING OR REPACKING.
*THE PO NUMBER MUST APPEAR ON ALL RELATED
CORRESPONDENCE,SHIPPING PAPERS< AND INVOICES.

| **Total** | **$129,750.00** |
|-----------|-----------------|

*For Malladi, Inc.*

*Authorized Signatory*

# INVOICE

1405/133

| Exporter    M/s  G. C. CHEMIE PHARMIE LTD.<br>Address : SHED NO 355, STANDARD TYPE SECTOR 1,<br>KANDLA SPECIAL ECONOMIC ZONE<br>KUTCH, GHANDHIDHAM 370 230 | Invoice No: & Date                    Exporter Ref.<br>**017/04-05 DTD. 01/03/05** |
|---|---|
| | Buyer's order No. &  Date<br>**2554 dated 24/01/05** |
| | other References :<br>IMPORT LICENCE NO. 5022672<br>NOC NO 162/2005 DTD. 14/02/2005 |
| Consignee :<br>M/s. MALLADI INC.<br>76 NATIONAL ROAD,<br>EDISON, NEW JERSEY 08818,<br>UNITED STATES OF AMERICA<br>Documents Through: Bank of Baroda, | Buyer ( If other than consignee) |

| | | Country of origin of goods<br>INDIA | Country of Final Destination<br>NEW YORK, U.S.A. |
|---|---|---|---|
| 1 Park Avenue, New York,<br>NY 100016 | | | |

| Pre Carriage  by | Place of recpt. by precarrier | Terms of Delivery and payment<br>CIF SEA NEW YORK<br>PAYMENT : D/A 180 DAYS |
|---|---|---|
| Vessel/Flight No: | Port of Loading<br>KANDLA | |
| Port of Discharge<br>NEW YORK | Final Destination<br>NEW YORK, U.S.A. | |

| Marks & Nos<br>Container No: | No & Kind of<br>Pkgs | Description of Goods | QTY<br>KG | RATE<br>USD / KG | Amount<br>USD |
|---|---|---|---|---|---|
| 15 Pallets of 200 Kgs Net each<br>(Each pallet consisting of<br>8 Fiber Drums x 25 Kgs Net) | | **PSEUDOEPHEDRINE HCL USP**<br>H.S.CODE NO: 2939.42<br>BATCH NO:<br>514003 to 514203<br>514503 | MFG DT: EXP DT:<br>Nov 2003 : OCT 2008<br>Dec 2003 · Nov 2008 | 3000.00 | 46.00 | 138,000.00 |
| | | GROSS WEIGHT: | 3704.83 Kgs | | | |
| SHIPPING MARKS:<br>MALINC<br>PO NO: 2554<br>COUNTRY OF ORIGIN: INDIA<br>GROSS, TARE AND NET WEIGHTS<br>PSEUDOEPHEDRINE HCL USP<br>CAS NO: 345-78-8, NDC NO: 057218-0801-1<br>CAUTION: FEDERAL LAW PROHIBITS DISPENSING WITHOUT PRESCRIPTION<br>    FOR MANUFACTURING, PROCESSING OR REPACKING<br><br>**BANK DETAILS : INDUS IND BANK LTD.**<br>LOKHANDWALA BRANCH, MORYA ESTATE, NEW LINK ROAD,<br>ANDHERI (WEST), OSHIWARA,  MUMBAI - 400 053. INDIA.<br>**EEFC A/C No. 0028 727304050, SWIFT CODE- INDBINBBBOL** | | | | | |

| Amount Chargeable : US DOLLARS ONE LAC THIRTY EIGHT THOUSAND ONLY<br>GOODS MANUFACTURED BY MALLADI DRUGS & PHARMACEUTICALS LIMITED | Total | 138,000.00 |
|---|---|---|

We M/s G.C. Chemie Pharmie Ltd, hereby declare that we have maintained all the records properly as prescribed under notification
no. 137/2000 cus & 52/2000 CEX both dated 19.10.2000 inculding this consignment covered under invoice no. 17 dt 01/03/05

We also certify that the value declared for clearance are true & correct.
Verified marks&nos. at random,found the same as declared & goods are stuffed in my presence, no physical examination
conducted. The declared goods are stuffed in cont no.
KSEZ SEAL NO.

Signature & Date
For G. C. CHEMIE PHARMIE LTD.,
*Aanglin*

Shipper
G.C. CHEMIE PHARMIE LTD.
SHED NO.335, STANDARD TYPE SECTOR 1
KANDLA SPECIAL ECONOMIC ZONE,
KUTCH, GANDHIDHAM 370230

B/L no.
BOM0085746/001

Shipper's reference
017 & 018

Forwarder's reference
BXS08122P3

Consignee
M/S.MALLADI INC.,    (in US trade only negotiable if made out TO ORDER)
76 NATIONAL ROAD, EDISON
NJ 08818, U.S.A.
PH:001-732-287-0666



# *SEAQUEST LINE*

Notify party and address
M/S.K.C.BURDETTE COMPANY, INC.,
1201 CORBIN STREET, ELIZABETH,
NJ 07201
PH: (908) 353 6222
FAX: (908) 353 8450

Pre-carriage by                Place of receipt

# ORIGINAL BILL OF LADING

Vessel    (or substitute)    Port of loading
ORIENT PROS.         KANDLA

Port of discharge          Place of delivery
NEW YORK          NEW YORK, U.S.A.

General Agents in India :    G GEOLOGISTICS PVT. LTD.

| Shipping marks; container number | Number and kind of packages, description of goods<br>Said to contain | Gross weight | Measurement |
|---|---|---|---|
| 1X20'<br>FCL/FCL<br><br>MALINC<br>PO NO:2554 & 2555<br>CUNTRY OF ORIGIN:<br>INDIA<br>GROSS,TARE AND<br>NET WEIGHT<br>PSEUDOEPHEDRINE<br>HCL USP<br>CAS NO:345-78-8,<br>NDC NO:057218-<br>0801-1 **** | 30 PALLET(S)   THIRTY PALLETS ONLY.<br>PSEUDOEPHEDRINE HCL USP<br>INV.NO.017/04-05 &<br>018/04-05 DT.01.03.2005<br>BUYER'S ORD.NO.2554 & 2555<br>DT.24.01.05<br>S.B.NO.5147,5146<br>DT.02.03.2005<br>GR.NO.BA-060668, BA-0484047<br>DT.01.03.2005<br>"FREIGHT PREPAID"<br>NET WT.:6000.000 KGS | 7409.66 | |

SHIPPED ON BOARD GEO BOM 1 2 MAR 2005

Total Packages    30              * ORIENT PROSPERITY V-546
CONTAINER NO.PONU-0579428,KSEZ SEAL NO.018318,LINE SEAL NO.PON 3144628        Total    7409.66
****CAUTION:FEDERAL LAW PROHIBITS DISPENSING WITHOUT PRESCRIPTION
FOR MANUFACTURING, PROCESSING OR REPACKING

* If Place of Receipt or Place of Delivery boxes are completed shipment will be treated as Through Combined Transport.

Shipper's declared value for carriage p(See Ad Valorem Clause Para 8(3) on Reverse)
NOT AFFLICABLE

For Delivery please contact
GEOLOGISTICS AMERICAS INC. (CLE)
6925 Engle Road
Middleburg Heights
Cleveland,  OH 44130
UNITED STATES OF AMERICA

RECEIVED FOR SHIPMENT as above in apparent good order and condition unless otherwise stated hereon, the goods described in the above particulars.

In accepting this Bill of Lading, the Merchant agrees to be bound by all the stipulations, exceptions, terms and conditions on the face and back hereof, whether written, typed, stamped, printed or otherwise incorporated.

IN WITNESS whereof the number of original bills of lading stated below have been signed, all of this tenor and date, one of which being accomplished the others to stand void

Freight details, charges etc.

Ocean freight payable at
MUMBAI

Number of original Bs/L
3

Place and date of issue
MUMBAI                12-Mar-2005

Signature
*For GEOLOGISTICS*

# ATTACHMENT E

U.S. Department of Justice
Drug Enforcement Administration

**IMPORT/EXPORT DECLARATION**
Precursor and Essential Chemicals

SEE REVERSE FOR INSTRUCTIONS AND PRIVACY ACT.

| | | OMB Approval No. 1117-0023 |
|---|---|---|

**1. CHECK ONE:**

[ ] IMPORT DECLARATION       (X) EXPORT DECLARATION

**1a. IMPORTER/EXPORTER** (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.)

Malladi, Inc.,
76 National Road,
Edison, NJ 08818
Ph: 732-287 0666 Fax: 732-287 1231

**1b. BROKER OR FORWARDING AGENT, IF USED** (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.)

K.C. Burdette Company Inc.,
1201 Corbin St.,,
Elizabeth, NJ 07201.
Ph: 908-353 6222 Fax: 908-353 8450

**U.S. CUSTOMS CERTIFICATION**

Date of Departure/Arrival

Name of Carrier/Vessel

Date of Certification

Signature of Customs Official

**1c.** I CERTIFY THAT THE 15-DAY ADVANCE NOTICE REQUIREMENT HAS BEEN WAIVED.    [ ] Check if applicable

**2. LISTED CHEMICALS TO BE IMPORTED/EXPORTED**

| 2a. Name and Description of Chemical appearing on label or container | 2b. Name of Chemical as designated by Title 21 C.F.R. 1310.02 | 2c. Number of containers, size, net weight of each chemical (Kg.) | 2d. Gross Weight of each item (Kg.) |
|---|---|---|---|
| Pseudoephedrine Hydrochoride | Pseudoephedrine, its salts, optical isomers and salts of optical isomers | 25 kilograms x 120 drums. Total net weight: 3000 Kilograms. | 28 Kilograms x 120 drums. Total gross weight: 3360 Kilograms approx. |

Customer: Megafarma S.A. de S.V.,
Antonie Lavoiser No 22, Fracc. Parque Industrial
54730, Cuautitlan Izcalli, MEXICO.
Contact:Sra. Aurora PedrocheTel No: 011 52 55 5899 9029

Import certificate# IPQ-0358-2004 dated November18th, 2004 from Govt. of Mexico enclosed.

Our ref:
DEA/039/04/EXP/MEG/MEX

| 3a. [ ] FOREIGN  (X) DOMESTIC PORT OF EXPORTATION (last U.S. Customs Port) AND APPROX. DEPARTURE DATE | 3b. (X) FOREIGN  [ ] DOMESTIC PORT OF IMPORTATION (first U.S. Customs Port) AND APPROX. ARRIVAL DATE |
|---|---|
| New York -- December 17, 2004 | Mexico City, Mexico -- Dec 20, 2004 |

| 4a. MODE OF TRANSPORT; NAME OF VESSEL, CARRIER | 4b. NAME OF ALL INTERMEDIATE CARRIERS |
|---|---|
| Air freight | ------------------- |

| 5a. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF FOREIGN CONSIGNEE/CONSIGNOR | 5b. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF ALL INTERMEDIATE CONSIGNEES |
|---|---|
| Megafarma S.A. de S.V., Antonie Lavoiser No 22, Fracc. Parque Industrial 54730, Cuautitlan Izcalli, MEXICO. Tel:011 52 55 5899 9029, Fax: 011 52 55 5872 5376 | ------------------- |

| SIGNATURE OF AUTHORIZED INDIVIDUAL ( Print or Type Name below Signature) | DATE | NAME OF FIRM |
|---|---|---|
| *[signature]* Sanjay V. Lanka  Asst. Manager-Marketing | 11-24-2004 | MALLADI, Inc. |

DEA/0369/04/EXP/MEG/MEX

DEA Form (Jun 1989) - 486   Customer PO#M-4689/2004

DEA:LONO#

Copy 1

JAN-21-2005  11:·7                                                    P.05/05

**U. S. Department of Justice**
Drug Enforcement Administration

*www.dea.gov*

Washington, D.C. 20537

Mr. H. V. Chauhan
Narcotics Commissioner
Government of India
Central Bureau of Narcotics                    JAN 2 1 2005
19 Mall Road, Morar
Gwalior 474006 (M.P.), India

Dear Mr. Chauhan:

The U.S. Drug Enforcement Administration (DEA) has received a request for a letter of no objection for the following shipment.

| | |
|---|---|
| U.S. Importer: | Malladi, Inc.<br>76 National Road<br>Edison, NJ 08818 |
| Exporter: | GC Chemie Pharmie Limited<br>Shed 355 Standard Type Sector-1<br>Kandla Special Economic Zone<br>Kutch, Gandhi Dham 370 230, India |
| DEA Control No.: | 5022673 |
| Chemical: | Pseudoephedrine Hydrochloride |
| Quantity: | 3,000 kgs |
| Importer Ref. No.: | DEA/080/04/MEG/MEX |

Please be advised that the DEA has no objection to the proposed shipment at this time. We wish to remind you however, that the DEA continues to have concern over diversion of this chemical to the clandestine manufacture of controlled substances and therefore this notice applies only to the identified shipment.

Any questions regarding this letter may be directed to this office at (202) 307-4780. A copy of this letter of no objection will be faxed/mailed to the U.S. importer, and to the appropriate DEA offices.

Sincerely,

S. Scott Collier, Chief
Dangerous Drugs and Chemicals Section

TOTAL P.05

SENT BY: MALLADI, INC.;            732 287 1231;        JUL-11-05  1:44PM;        PAGE 6/9



# MALLADI, INC.

76 National Road, Edison, NJ 08818

Ph: (732) 287 0666 Fax: (732) 287 1231

# Invoice

| Date | Invoice # |
|------|-----------|
| 1/28/2005 | 704 |

| Bill To | Ship To |
|---------|---------|
| Megafarma S.A.,<br>Narcisco Mendoza Nr 15,<br>Col. Manuel Avila Comacho,<br>Mexico D.F.,<br>MEXICO,11610 | A.A Ricardo A. Vargas,<br>APTO. INTER.DE LA CD. DE MEX,<br>ALMACEN FISCALIDADO 22 y23<br>Cuidad de Mexico,MEXICO<br>Notificar: Megafarma,S.A. de C.V. |

| P.O. Number | Terms | Ship Dt | Shipped Via | | CIF |
|-------------|-------|---------|-------------|---|-----|
| M-4809 | Net 90 | 2/11/2005 | Air Freight | | Mexico City |

| Quantity (Kg) | Item Code | Description | Price/kg (US$) | Amount (US$) |
|---------------|-----------|-------------|----------------|--------------|
| 3,000 | Hydrochloride<br>Freight&Handling<br>Insurance | Pseudoephedrine Hydrochloride<br><br>Batch#510804,510904,511004<br>This shipment is being made on the basis of CIF<br>Air to Mexico city<br>"Declaramos bajo juramento que los precios<br>indicados en este factura son los mismos que<br>rigen en el Mercado del lugar de su compra y<br>que la mercancia es de origen 'INDIA' " | 37.00<br>6,000.00<br>3,000.00 | 111,000.00<br>6,000.00<br>3,000.00 |

*Make all checks payable to: MALLADI, INC.*
*If you have any questions concerning this Invoice,*
*please call us at the above phone number.*

| TOTAL DUE | $120,000.00 |
|-----------|-------------|

*Thank you for your business!*

*For Malladi, Inc.*

| B/L. No. | 127/04 |
|----------|--------|

RECEIVED ABOVE MATERIALS IN GOOD ORDER AND CONDITION

(Authorized Signatory)
*Sanjay V. Lanka*

CUSTOMER / CUSTOMER AUTHORIZED SIGNATORY

# RAZOR ENTERPRISE INC.

175-41 148 ROAD 2 FL
JAMAICA , NY 11413

Web:www.          Tel:   718.995.4303    Fax:   718.244.0383          Email:

## INVOICE

[MALLADIE  ]
MALLADIE INC
76 NATIONAL ROAD
EDISON NJ 08818
AT:: MANNY
Tel :732-287 0666     Fax : 732-287 1231

Attn:

| | | | |
|---|---|---|---|
| | | Invoice No | AE1427 |
| | | Invoice Date | 03/24/2005 |
| | | Customer Ref. | |
| | | File No | RE050324 |

| | | | |
|---|---|---|---|
| Consignee | A.A RICARDO A VARGAS | Shipper | MALLADIE INC |
| Flight No. | LA531  /LA6171 | MAWB /HAWB | 865-0272 3604   /865-0272 3604 |
| Port of Departure | J F Kennedy Airport NY USA | Departure Date | 03/24/2005 |
| Port of Arrival | Mexico City  Mexico | Arrival  Date | 03/27/2005 |
| PCS | 15 | COMMODITY | NON HARAZADOUS |
| Gross WT. | 3360.00      K | Charge WT. | 3360.00      K |

| DESCRIPTION | AMOUNT |
|---|---|
| AIR FREIGHTAGE | 3,360.00 |
| FUEL SURCHARGE | 1,848.00 |
| HANDLING CHARGES | 45.00 |
| P/U & DELIVERY | 962.00 |
| Prepaid Amount   0.00                          TOTAL | $  6215.00 |

MARKS & NOS.              DESCRIPTIONS

NON HARAZADOUS

PAYMENT IS DUE UPON RECEIVED.
PAYABLE BY CHECK OR DRAFT IN U.S. DOLLARS DRAWN ON U.S. BANK WITH
REF # OR INVOICE # ON IT.
FREIGHT MUST BE PAID WITHIN 7 DAYS TO:          RAZOR ENTERPRISE INC.

SENT BY: MALLADI, INC.;                    732 287 1231;        JUL-11-05 1:45PM;        PAGE 7/9

865- UZ1236U4                                                    865- UZ1236U4

**SHIPPER'S NAME AND ADDRESS**
Nombre y Dirección del Expedidor

MALLADI INC
76 NATIONAL ROAD
EDDISON NJ 08818
TEL: 732- 287 0666

**CONSIGNEE'S NAME AND ADDRESS**
Nombre y dirección del Destinatario

A.A. RICARDO A VARGAS
APTO INTER DE LA CD DE MEX
ALAMACEN FISCALDIADO 22 Y 23

**ISSUING CARRIER'S AGENT NAME AND CITY**

CHIEF CARGO SERVICES INC

**AGENT'S IATA CODE**        **ACCOUNT NO.**
01-1-8949/0013

**AIRPORT OF DEPARTURE**
JFK INTERNATIONAL

| TO/A | BY FIRST CARRIER | TO/A | BY/Por | TO/A | BY/Por |
|------|------|------|------|------|------|
| MEX | LAN CHILE | MEX | LA | MEX | LA |

**AIRPORT OF DESTINATION**
MEXICO

NOT NEGOTIABLE
**AIR WAYBILL**
(AIR CONSIGNMENT NOTE)
Aero Transportes Mas de Carga S.A.C.V.
Mexico D.F. Mexico

MasAir CARGO AIRLINE

ACCOUNTING INFORMATION
FREIGHT PREPAID

| Currency | CHGS Code | WT/VAL | | Other | | DECLARED VALUE FOR CARRIAGE | DECLARED VALUE FOR CUSTOMS |
| USD | | PPD | COLL | PPD | COLL | NVD | NVD: |

AMOUNT OF INSURANCE

HANDLING INFORMATION

PLEASE INFORM CGNEE IMMEDIATELY UPON ARRIVAL.        120PCS ON 15 SKIDS

| NO. OF PACK | GROSS WEIGHT | RATE CLASS | CHARGEABLE WEIGHT | RATE CHARGE | TOTAL | NATURE AND QUANTITY OF GOODS |
|------|------|------|------|------|------|------|
| (120) 15 SKIDS | 3360K | | 3360K | 2.00 | 6720.00 | AANOEA9412007 SAID TO CONTAIN: PHARMACEUCITAL SUPPLY ON HARAZADOUS PSEUD- EOEPHEDRINE HYDROCHLORIDE 15 SKIDS (120 PCS) |
| (120) 15 SKIDS | | | | | 6720.00 | |

| Prepaid | Weight Charge | Collect |
| 6720.00 | | |

OTHER CHARGES / Otros Cargos

FSC & SECURITY $0.45/K

Total other charges
1176.00

CHIEF CARGO SERVICES INC

7896.00

01-1205        JFKIA        CHIEF/NYC

865- 02723604

# ATTACHMENT F

U.S. Department of Justice
Drug Enforcement Administration

**IMPORT/EXPORT DECLARATION**
Precursor and Essential Chemicals

| OMB Approval No. 1117-0023 |
| --- |

SEE REVERSE FOR INSTRUCTIONS AND PRIVACY ACT.

CHECK ONE:   [ ] IMPORT DECLARATION      (X) EXPORT DECLARATION

**U.S. CUSTOMS CERTIFICATION**

Date of Departure/Arrival

Name of Carrier/Vessel

Date of Certification

Signature of Customs Official

1a. IMPORTER/EXPORTER (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.)

**Malladi, Inc.,**
76 National Road,
Edison, NJ 08818
Ph: 732-287 0666 Fax: 732-287 1231

1b. BROKER OR FORWARDING AGENT, IF USED (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.)

**K.C. Burdette Company Inc.,**
1201 Corbin St.,,
Elizabeth, NJ 07201.
Ph: 908-353 6222 Fax: 908-353 8450

1c. I CERTIFY THAT THE 15-DAY ADVANCE NOTICE REQUIREMENT HAS BEEN WAIVED.     [ ] Check if applicable

2. LISTED CHEMICALS TO BE IMPORTED/EXPORTED

| 2a. Name and Description of Chemical appearing on label or container | 2b. Name of Chemical as designated by Title 21 C.F.R. 1310.02 | 2c. Number of containers, size, net weight of each chemical (Kg.) | 2d. Gross Weight of each item (Kg.) |
| --- | --- | --- | --- |
| Pseudoephedrine Hydrochoride | Pseudoephedrine, its salts, optical isomers and salts of optical isomers | 25 kilograms x 120 drums. Total net weight: 3000 Kilograms. | 28 Kilograms x 120 drums. Total gross weight: 3360 Kilograms approx. |

Customer: Megafarma S.A. de S.V.,
Antonie Lavoiser No 22, Fracc. Parque Industrial 54730, Cuautitlan Izcalli, MEXICO.
Contact:Sra. Aurora PedrocheTel No: 011 52 55 5899 9029

Import certificate# IPQ-0328-2004 dated November11th, 2004 from Govt. of Mexico enclosed.

*Our ref:*
*DEA/036/04/EXP/MEG/MEX*

| 3a. [ ] FOREIGN   (X) DOMESTIC PORT OF EXPORTATION (last U.S. Customs Port) AND APPROX. DEPARTURE DATE | 3b. (X) FOREIGN   [ ] DOMESTIC PORT OF IMPORTATION (first U.S. Customs Port) AND APPROX. ARRIVAL DATE |
| --- | --- |
| *New York -- December 01, 2004* | *Mexico City, Mexico -- Dec 03, 2004* |

| 4a. MODE OF TRANSPORT; NAME OF VESSEL, CARRIER | 4b. NAME OF ALL INTERMEDIATE CARRIERS |
| --- | --- |
| *Air freight* | ----------------------- |

| 5a. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF FOREIGN CONSIGNEE/CONSIGNOR | 5b. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF ALL INTERMEDIATE CONSIGNEES |
| --- | --- |
| Megafarma S.A. de S.V., Antonie Lavoiser No 22, Fracc. Parque Industrial 54730, Cuautitlan Izcalli, MEXICO. Tel:011 52 55 5899 9029, Fax: 011 52 55 5872 5376 | ----------------------- |

| SIGNATURE OF AUTHORIZED INDIVIDUAL ( Print or Type Name below Signature) | DATE | NAME OF FIRM |
| --- | --- | --- |
| Sanjay V. Lanka Asst. Manager-Marketing DEA/036/04/EXP/MEG/MEX | 11-15-2004 | **MALLADI, Inc.** |

DEA Form - 486 (Jun 1989)   *Customer PO#M-4684/2004*          DEA:LONO#                    Copy 1

SENT BY: MALLADI, INC.;          732 287 1231;          JUL-11-05  1:43PM;          PAGE 3

865- ~~VETEJOOL~~

| SHIPPER'S NAME AND ADDRESS<br>Nombre y Dirección del Expedidor | SHIPPER'S ACCOUNT NUMBER<br>Núm. de Cuenta del Expedidor | NOT NEGOTIABLE<br>AIR WAYBILL | |
|---|---|---|---|
| MALLADI INC<br>76 NATIONAL RAOD<br>EDISON NJ 08818<br>TEL: 732-287 0666. | | AIR CONSIGNMENT NOTE)<br>Aero Transportes Rtas de Carga S.A.C.V.<br>Mexico D.F. Mexico | MasAir |

CONSIGNEE'S NAME AND ADDRESS
Nombre y dirección del Destinatario

A.A. RICARDO A VARGAS
APTO , INTER. DE LA CD. DE MEX
ALMACEN FISCALDIDADO 22 Y 23

COPIES 1, 2, AND 3 OF THIS AIR WAYBILL ARE ORIGINALS AND HAVE THE SAME VALIDITY.
Las Copias 1, 2 y 3 de este Documento son originales y tienen igual validez.

ISSUING CARRIER'S AGENT NAME AND CITY
Agente del Transportista Enlace, Nombre y Ciudad

CHIEF CARGO SERVICES INC

| AGENT'S IATA CODE/Código IATA del Agente | ACCOUNT NO./Número de Cuenta | |
|---|---|---|
| 01-1-8949/9013 | | |

| AIRPORT OF DEPARTURE (ADDRESS OF FIRST CARRIER)<br>Aeropuerto de Salida (De Primer Transportista) | REQUESTED ROUTING /AGREED STOPPING PLACES/<br>Ruta Solicitada (Las Escalas Previstas) | ACCOUNTING INFORMATION / Información / Jars Contabilidad |
|---|---|---|
| JFK INTERNATIONAL | | FREIGHT PREPAID          3206 |

| TO/A | BY FIRST CARRIER/<br>Primer Transportista | TO/A | BY/Por | TO/A | BY/Por | Currency<br>Valor Asegurado | CHGS<br>CODE | WT/VAL<br>PPD COLL | OTHER<br>PPD COLL | DECLARED VALUE FOR CARRIAGE<br>Valor Declarado Para Aduana |
|---|---|---|---|---|---|---|---|---|---|---|
| MEX | LAN CHILE | MEX | LA | MEX | LA | USD | | PP | | NVD |

| AIRPORT OF DESTINATION /Aeropuerto de Destino | | | AMOUNT OF INSURANCE<br>Valor Asegurado | |
|---|---|---|---|---|
| MEXICO | | | | AS PER INVOICE |

HANDLING INFORMATION (INCL. REFERENCE TO HOUSE AIR WAYBILL, IF APPLICABLE) Información para manejo (incl. Referencias a Guías Aéreas Hijas si las hay).

PLEASE MAKE SURE CARGO COMESAS APER BOOKINGS.          120 DRUMS ON 15 SKIDS

| NO. OF PKGS<br>RCP/CP<br>No. de Bultos | GROSS WEIGHT<br>Peso Bruto | | RATE CLASS<br>Clase Tarifa<br>Commodity Item No.<br>Tarif. Esp. Item No. | CHARGEABLE WEIGHT<br>Peso Bruto o Carga | RATE<br>TOTAL<br>Charge/Cargo | TOTAL | NATURE AND QUANTITY OF GOODS INCL. DIMENSIONS OR VOLUME (IF APPLICABLE)<br>Naturaleza y Cantidad de Mercancías |
|---|---|---|---|---|---|---|---|
| 120<br>15 SKIDS | 3360K | | | 3360K | 2.00 | 6720.00 | FAANOEA9412007.<br>SAID TO CONTAIN:<br>PHARMACEUTICAL SUPPLY<br>NON HARAZADOUS PSEUD<br>EOEPHEDRINE,HYDROCHLORIDE<br><br>120 DRUMS WRAPPED<br>ON 15 SKIDS |
| 120<br>15 SKIDS | | | | | | 6720.00 | |

| Prepaid / Prepagado | WEIGHT CHARGE / Cargo por Peso | Collect / Por Pagar | OTHER CHARGES / Otros Cargos |
|---|---|---|---|
| 6720.00 | | | FEC & SECURITY $0.15/K |
| | VALUATION CHARGE / Cargo por Valor | | |
| | TAX / Impuesto | | |
| | TOTAL OTHER CHARGES Due Agent / Total Otros Cargos a Pagar al Agente | | |
| 1176.00 | | | Name and Company of Shipper or his Agent / Nombre, Cía del Expedidor o su Agente |
| | TOTAL OTHER CHARGES Due Carrier / Total Otros Cargos a Pagar al Transportista | | CHIEF CARGO SERVICES INC |
| | | | Signature of Shipper or his Agent / Firma del Expedidor o su Agente |
| 7896.00 | | | |
| | TOTAL PREPAID / Total Prepagado | TOTAL COLLECT / Total por Pagar | AFF JMBIA          NAME AND EDUCATION OF ISSUING CARRIER OR ITS AGENT.<br>Nombre y firma del Transportista Enlace o su Agente |
| | | | 865- 02723582 |

ORIGINAL 1 (FOR ISSUING CARRIER)
CHIEF CARGO

07/11/2005 11:55 FAX 7182424024          CHIEF CARGO          ☐ 001

Shipper
G. C. CHEMIE PHARMIE LTD.
SHED NO.335,STANDARD TYPE SECTOR 1
KANDLA SPECIAL ECONOMIC ZONE,
KUTCH,GANDHIDHAM 370230

B/L no
BOM0085746/001

Shipper's reference
017 & 018

Forwarder's reference
BXS08122P3

Consignee                    (in US trade only negotiable if made out TO ORDER)
M/S.MALLADI INC.,
76 NATIONAL ROAD,EDISON
NJ 08818,U.S.A.
PH:001-732-287-0666

Notify party and address
M/S.K.C.BURDETTE COMPANY,INC.,
1201 CORBIN STREET,ELIZABETH,
NJO7201
PH: (908) 353 6222
FAX: (908) 353 8450



# SEAQUEST LINE

Pre-carriage by | Place of receipt

Vessel  (or substitute)
ORIENT PROS.
Port of loading
KANDLA

Port of discharge
NEW YORK
Place of delivery
NEW YORK, U.S.A.

## ORIGINAL BILL OF LADING

General Agents in India : **G** GEOLOGISTICS PVT. LTD.

Shipping marks, container number | Number and kind of packages; description of goods Said to contain | Gross weight | Measurement

1X20'
FCL/FCL

MALINC
PO NO:2554 & 2555
CUNTRY OF ORIGIN:
INDIA
GROSS,TARE AND
NET WEIGHT
PSEUDOEPHEDRINE
HCL USP
CAS NO:345-78-8,
NDC NO:057218-
0801-1 ****

30 PALLET(S)

THIRTY PALLETS ONLY.
PSEUDOEPHEDRINE HCL USP
INV.NO.017/04-05 &
018/04-05 DT.01.03.2005
BUYER'S ORD.NO.2554 & 2555
DT.24.01.05
S.B.NO.5147,5146
DT.02.03.2005
GR.NO.BA-060668,BA-0484047
DT.01.03.2005
"FREIGHT PREPAID"
NET WT.:6000.000 KGS

7409.66

SHIPPED ON BOARD
GEO
BOM

**1 2 MAR 2005**

Total Packages      30                    * ORIENT PROSPERITY V-546
CONTAINER NO.PONU-0579428,KSEZ SEAL NO.018318, LINE SEAL NO.PON 3144628
****CAUTION:FEDERAL LAW PROHIBITS DISPENSING WITHOUT PRESCRIPTION
FOR MANUFACTURING, PROCESSING OR REPACKING

Total      7409.66

* If Place of Receipt or Place of Delivery  boxes are completed shipment will be treated as Through Combined Transport.

Shippers declared value for carriage  (See Ad Valorem Clause Para B(3) on Reverse)
NOT APPLICABLE

For these goods consigned to
GEOLOGISTICS AMERICAS INC. (CLE)
6925 Engle Road
Middleburg Heights
Cleveland, OH 44130
UNITED STATES OF AMERICA

RECEIVED FOR SHIPMENT as above in apparent good order and condition unless otherwise stated hereon, the goods described in the above particulars.

In accepting this Bill of Lading, the Merchant agrees to be bound by all the stipulations, exceptions, terms and conditions on the face and back hereof, whether written, typed, stamped, printed or otherwise incorporated.

IN WITNESS whereof the number of original bills of lading stated below have been signed, all of this tenor and date, one of which being accomplished the others to stand void.

Freight details, charges etc.

MUMBAI
Ocean Freight payable at

MUMBAI
Place and date of issue

12-Mar-2005

Number of original Bs/L

Signature

*For GEOLOGISTICS PVT. LTD.*

*PARTICULARS OF GOODS ARE THOSE DECLARED BY SHIPPER*

# EXHIBIT 4

# KING & SPALDING LLP

1700 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC 20006-4706
Fax: 202-626-3737
www.kslaw.com

Eugene M. Pfeifer
Direct Dial: 202-626-2909
gpfeifer@kslaw.com

October 21, 2005

**Via U.S. Mail**

Forfeiture Counsel
Asset Forfeiture Section
Office of Operations Management
Drug Enforcement Administration
HQs Forfeiture Response
P. O. Box 1475
Quantico, VA 22134-1475

**Via U.S. Mail**

Vicki L. Rashid
Forfeiture Counsel
Asset Forfeiture Section
Office of Operations Management
Drug Enforcement Administration
2401 Jefferson Davis Highway
Alexandria, VA 22301

RE:    **Petition of Malladi Drugs and Pharmaceuticals Ltd. and Novus Fine
Chemicals, LLC for Remission or Mitigation of Forfeiture**

To Whom It May Concern:

On behalf of our clients, Malladi Drugs and Pharmaceuticals Ltd., No. 52, (ND) Jawaharal Nehru Road, Ekkattuthangal, Chennai 600 097, India ("Malladi India"), and its wholly owned subsidiary Novus Fine Chemicals, LLC, 426 Orchard Street, Carlstadt, NJ 07072 ("Novus"), we hereby petition for the remission or mitigation of forfeiture of the 233 Drums of List 1 Chemicals (Pseudoephedrine and Ephedrine) seized from Malladi Incorporated, 76 National Road, Edison, New Jersey 08818 ("Malladi") on April 8, 2005. Malladi also is a wholly owned subsidiary of Malladi India. **Attachment A** to this letter is the declaration of V. N. Gopalakrishnan, Chief Executive Officer of Malladi India, attesting to our authority to file this petition. *See* **Attachment A, ¶ 3. Attachment B** to this letter is the declaration of Joseph V. Fusco, President of Novus, attesting to our authority to file this petition. *See* **Attachment B, ¶ 3. Attachment C** to this letter is the declaration of Eugene M. Pfeifer, Counsel for Malladi India and for Novus, attesting upon information and belief that the information contained herein is truthful and complete. *See* **Attachment C, ¶ 4.**

Forfeiture Counsel
October 21, 2005
Page 2

Pursuant to 28 C.F.R. Part 9, the following information is set forth in support of our Petition:

**I.     Identifying Information of Petitioners**

V.N. Gopalakrishnan
Chief Executive Officer
Malladi Drugs and Pharmaceuticals, Ltd.
No. 52, (ND) Jawaharal Nehru Road
Ekkattathangal, Chennai
600 097, India

Joseph V. Fusco
REDACTED
President
Novus Fine Chemicals, LLC
426 Orchard Street
Carlstadt, NJ 07072

**II.     Identifying Information of Seized Asset**

Seizing Agency: Drug Enforcement Administration ("DEA")
Asset Identifier Number: 05-DEA-450357
Case Number: C3-05-2025
Property Description: 233 Drums of List 1 Chemicals (Pseudoephedrine and Ephedrine)

**III.     Petitioners' Interest in Seized Asset**

Malladi India is in full compliance with all applicable Indian and United States laws and regulations. It is regularly engaged in the manufacture of the base and salts of the Active Pharmaceutical Ingredient ("API') Pseudoephedrine and the API Ephedrine. The 233 drums of ephedrine and pseudoephedrine seized on April 8, 2005 from Malladi at Edison, New Jersey, were manufactured by Malladi India and were imported by Malladi for further distribution to manufacturers of finished dosage form pharmaceuticals. Malladi India is the sole owner of Malladi and of the seized articles.

**IV.     Rationale for Remission or Mitigation**

We believe that the facts and circumstances of this case justify complete remission or mitigation of the seized property. All of the seized drums (Asset Identifier Number 05-DEA-450357) were imported pursuant to established import procedures, *viz.*, Malladi filed completed DEA Form 486 Import Declaration, DEA thereafter issued letters of no objection ("LONOs") concerning the then intended end users of the articles to be imported, and the government of India authorized the exportations. From the period beginning January 1, 2002 to March 31,

Forfeiture Counsel
October 21, 2005
Page 3

2005, Malladi India shipped or caused to be shipped from India to its United States affiliate
Malladi the List I chemicals seized on April 8, 2005.

The pseudoephedrine shipments were covered by LONOs identified as bearing LONO
numbers 5020587, 5009970, 5018245, 5021882, 5008375, 5024954, 5009780, 0039-02, 0040-
02, 0041-02, 5912-02, 5914-02, 5007573 and 2673-01.  The ephedrine was covered by LONOs
identified as bearing LONO numbers 3921-01 to 3926-01.

On April 6, 2005, DEA officials conducted an administrative inspection of Malladi.
During this inspection, the DEA officials itemized, selected, and seized certain Malladi records,
including, on information and belief, some records pertaining to the seized pseudoephedrine and
ephedrine.  On April 6 and again on an April 11 site visit to Malladi, DEA officials expressed
reservations about Malladi's recordkeeping procedures.  These DEA officials believed that the
records were not readily available to fully reconcile Malladi transactions and inventory.  On
April 11, 2005, in a good faith effort to demonstrate its willingness to comply with DEA
regulations, Malladi voluntarily surrendered its List I Registration.  As a result, Malladi is no
longer able to possess List I Chemicals.

Malladi India and Novus are petitioning DEA for the remission or mitigation of forfeiture
of the seized articles of pseudoephedrine and ephedrine.  As noted above, Malladi India is the
sole owner of the seized articles.  There is no evidence that the seized articles are in any way
defective, or that they were diverted, counterfeited, or served as a source of supply to Malladi
customers not eligible to receive Class I chemicals.  Rather, these articles were seized because, in
DEA's view, Malladi's  records system did not readily permit verification of Malladi's
transactions.

DEA concerns underlying the seizure appear to arise from two conditions or practices at
Malladi.  First, the shipments covered by the cited LONOs were not (for various reasons)
delivered in whole or in part to the customer/consignees identified in such LONOs.  In most
instances, such customer/consignees had either cancelled or altered orders before Malladi could
deliver the imported articles.  In one instance involving LONO 5007573, Malladi terminated its
relationship with the customer/consignee (SICA).  Thus, Malladi found itself with and
maintained inventories which it used to supply other DEA-sanctioned customers.  In short,
Malladi supplied only customers covered by contemporaneous LONOs.

Second, as noted above, DEA believed that Malladi records system did not readily permit
the tracking of imports, their delivery to the customer/consignees identified in the LONOs
associated with the importations, and subsequent shipments to other customers from inventories.
Available documentation, organized in a new record-keeping system, demonstrates that all
imported articles are accounted for.  There has been no theft or loss, and customer/consignees
receiving articles from Malladi are recognized by Malladi and DEA in LONOs as not engaged in
diversion of List I chemicals for illicit uses and, thus, eligible to receive List 1 chemicals.

Forfeiture Counsel
October 21, 2005
Page 4


In summary, Malladi India remains the owner of the seized articles, as the parent of Malladi, and it respectfully requests that DEA release the seized articles to Novus, which is lawfully authorized to accept delivery. Novus shall arrange for the export of the seized articles to Malladi India.

If you have any questions or concerns, please do not hesitate to contact me at (202) 626-2909. In my absence, please contact Ms. Kate Williams at (202) 626-5403. We will appreciate your consideration of this Petition.

Respectfully submitted,

Eugene M. Pfeifer
Kate Williams
Counsel for Malladi India

cc:     V. N. Gopalakrishnan (w/Enc.)
        Joseph V. Fusco (w/Enc.)

**ATTACHMENT A**

I, V.N. Gopalakrishnan, do hereby declare the following:

1.  I am the Chief Executive Officer of Malladi Drugs & Chemicals Ltd., No. 52, (NP) Jawaharlal Nehru Road, Ekkattuthangal, Chennai 600 097, India.  As such, I have the authority to speak for the Company on all issues relating to the seizure on or about April 8, 2005 of 233 drums of List I Chemicals (pseudoephedrine hydrochloride, pseudoephedrine sulfate, base and ephedrine hydrochloride), shipped to Malladi Inc., Edison, New Jersey. These goods are referred to in a May 9, 2005 Notice of Seizure by Asset Id. (No.) 05-DEA-450357.

2.  This Declaration is based on my personal knowledge.  If called, I could and would testify competently to all the matters contained herein.

3.  Eugene M. Pfeifer and Kate A. Williams, both of King & Spalding LLP, have the authority to represent Malladi Drugs & Chemicals Ltd. in this proceeding.

4.  I have fully reviewed the petition in respect to Asset No. 05-DEA-450357 (Case No. C3-05-2025), and the petition is truthful and accurate in every respect.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of October, 2005, at Carlstad, New Jersey.

V. N. Gopalakrishnan
Chief Executive Officer
Malladi Drugs & Pharmaceuticals, Ltd.

## ATTACHMENT B

I, Joseph V. Fusco, do hereby declare the following:

    1.    I am the President of Novus Fine Chemicals, LLC ("Novus").  As such, I have the authority to speak for Novus on all issues relating to the authority and willingness of Novus to accept delivery of the 233 drums of ephedrine and pseudoephedrine seized on April 8, 2005 from Malladi Inc. at Edison, New Jersey.

    2.    This Declaration is based on my personal knowledge.  If called,  I could and would testify competently to all the matters contained herein.

    3.    Eugene M. Pfeifer and Kate A. Williams, both of King & Spalding LLP, have the authority to represent Novus in this proceeding.

    4.    I have fully reviewed the petition, and the petition is truthful and accurate in every respect.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of October, 2005, at Carlstadt, New Jersey.

Joseph V. Fusco
President, Novus Fine Chemicals, LLC

## ATTACHMENT C

I, Eugene M. Pfeifer, do hereby declare the following:

      1.     I am a Partner at King & Spalding LLP.  I am licensed to practice law before the United States Supreme Court and in Washington, D.C.

      2.     I represent Malladi Drugs & Pharmaceuticals Ltd., Chennai, India.  As such, I have the authority to represent the Company in this proceeding.

      3.     This Declaration is based on my personal knowledge.  If called, I could and would testify competently to all the matters contained herein.

      4.     I have fully reviewed the petition, and upon information and belief the petition is truthful and accurate in every respect.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21ˢᵗ day of October, 2005, at Washington, D.C.

Eugene M. Pfeifer
King & Spalding LLP
Counsel for Malladi Drugs and Pharmaceuticals, Ltd.